**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JULY SESSION, 1997**

FILED

September 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RUNAKO Q. BLAIR,** | ) | **C.C.A. NO. 02C01-9608-CR-00277** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. W. FRED AXLEY** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY**

FOR THE APPELLANT:

RUNAKO Q. BLAIR, PRO SE
Route 1, Box 660
Tiptonville, TN 38079

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

ALANDA HORNE
Assistant District Attorney General
Suite 301, 301 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals as of right from the trial court's dismissal of his petition for post-conviction relief. The Petitioner sought relief alleging that (1) The indictment failed to give fair notice of the charges against the Petitioner, violating his constitutional rights; (2) the jury instructions at trial containing the phrase "moral certainty" were unconstitutional; and (3) the trial court erred in failing to charge a lesser included offense. The trial court dismissed the petition without conducting an evidentiary hearing. The Defendant appeals the trial court's action raising one issue: whether the issues raised in his post-conviction petition have been waived or previously determined. We affirm the judgment of the trial court.

The record reflects that the Defendant was convicted on March 9, 1994, of second-degree murder and attempted second-degree murder. The judgment was affirmed on direct appeal to this Court on November 22, 1995. Permission to appeal to our supreme court was denied on May 13, 1996. The Petitioner filed a pro se petition for post-conviction relief on June 24, 1996, as well as a motion to appoint counsel and for an evidentiary hearing. The trial court denied an evidentiary hearing and dismissed the petition in an order filed on July 3, 1996.

In that order, the trial court addressed the Petitioner's first issue, that the indictment failed to give him reasonable notice of the charges against him, as waived or previously determined. In his post-conviction petition, the Petitioner argues that the trial court erred by charging the jury on second-degree murder as a lesser included offense of felony murder. However, the Petitioner was indicted

for first-degree intentional murder. The trial court found that the Petitioner's second issue, that the jury instruction on reasonable doubt was unconstitutional because of its "moral certainty" language, was without merit. Finally, the trial court found that the Petitioner's third issue, that he was entitled to a jury instruction on facilitation of felony murder, was either waived or previously determined by this Court.

The new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). The Act provides that a trial court must consider a petition within thirty days of its filing and "examine it together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Tenn. Code Ann. § 40-30-206(a). The prescribed form for petitions requires that the grounds for relief must be specified and that a petitioner must set out the facts to establish a "colorable claim." A colorable claim is one "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. 28, § 2(H). Furthermore, a petitioner must rebut the presumption that claims have either been waived or previously determined. Tenn. Code Ann. § 40-30-204(e). The presumption of waiver exists as follows:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

-3-

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right;  or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-206(g).   An issue has been previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."  Tenn. Code Ann. § 40-30-206(h).  Then, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed.  The order of dismissal shall set forth the court's conclusions of law."  Tenn. Code Ann. § 40-30-206(f).

Under prior law, our supreme court has reversed a trial court's dismissal of a second pro se petition without appointment of counsel or a hearing when the petitioner raised a constitutional issue and rebutted the presumption of waiver. Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988).

> [The supreme court] has previously held that a pro se petition under the Act is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief."  Furthermore, when a colorable claim is presented in a pro se petition, dismissal without appointment of counsel to draft a competent petition is rarely proper.   If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel.

Swanson, 749 S.W.2d at 734.(citations omitted)(emphasis added).  The court has also held that a petitioner's failure to rebut the presumption that the issues have been waived or previously determined resulted in the failure to present a

colorable claim. See State v. Smith, 814 S.W.2d 45, 49 (Tenn. 1991). In Smith, the petition was filed pro se alleging a constitutional violation. Id. at 47. Counsel was appointed but failed to amend the petition to note three previously filed petitions. Id. In Allen v. State, the court also reversed a dismissal of a second petition, filed pro se without the appointment of counsel. 854 S.W.2d 873, 877 (Tenn. 1993). However, in rewriting the Post-Conviction Procedure Act relevant to this petition, the legislature has not included such presumptions as the court "may freely allow amendments" that were present in the prior Act. See Tenn. Code Ann. § 40-30-115(a) (repealed 1995).

In this appeal, the Petitioner argues that the issues have not been previously determined and requests a "full and fair hearing" and cites sections from the now repealed Post-Conviction Procedure Act and not from the Act which applies. He has not addressed the issue of waiver raised by the State and which he claims is the issue on appeal. The proper contents for a petition require that "[t]he petitioner shall include allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding." Tenn. Code. Ann. § 40-30-204 (e). The Rules of Post-Conviction Procedure require a petitioner to include "specific facts supporting each claim for relief" and "specific facts explaining why each claim for relief was not previously presented in any earlier proceeding." Tenn. Sup. Ct. R. 28, § 5(E)(3)-(4). Failure to comply with the rule, such as failing to include specific factual allegations or rebut the presumption of waiver, justifies the trial court in dismissing a petition without a hearing. Tenn. Sup. Ct. R. 28, § 5(F). Yet, the Rules also direct that "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the

assistance of counsel." Tenn. Sup. Ct. R. 28, § 6, (4)(b). We note that here, the pro se petition is the Petitioner's first and only opportunity to present his claims under the new Act. However, the trial court did not dismiss the petition for lack of form, but considered the merits of the petition and ruled that the issues were either waived, previously determined, or without merit.

We recognize that the Act "contemplates the filing of only one (1) petition." Tenn. Code Ann. § 40-30-202 (c). The legislature has clearly expressed its will to limit numerous and frivolous challenges to convictions that have arisen under the prior law by repealing the entire former Act and replacing it with more stringent requirements in the new Post-Conviction Procedure Act. In the case sub judice, the Petitioner timely filed a pro se post-conviction petition. Yet, the Act provides that:

> Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-206(d)(emphasis added). Moreover, the Rules of Post-Conviction Procedure state that if a petition "does not state the reasons that the claim is not . . . waived . . . may be dismissed without a hearing." Tenn. Sup. Ct. R. 28, § 5(F)(emphasis added). Furthermore, if the trial court determines that "a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended." Tenn. Sup. Ct. R. 28, § 6(B)(4)(a)(emphasis added). Thus, when a trial court determines that petitioner has not presented a colorable claim or that a claim has been waived, the trial court may, in its discretion, summarily dismiss the petition

without the appointment of counsel. Almost any ground for relief, except ineffective assistance of counsel, could be raised during trial, and failure to do so will be deemed a waiver. It appears clear that the legislature intended to restrict somewhat the ability of convicted criminals to collaterally attack their convictions. To a large extent, the availability and extent of post-conviction remedies lie within the discretion of the legislature.

As a result, many nonmeritorious petitions may be summarily dismissed if the trial court should decline to appoint counsel. There exists the possibility that a pro se petitioner may have a meritorious claim dismissed because the petitioner was unable to communicate it effectively in his or her petition, thus extinguishing the claim forever. A petitioner may also miss asserting a valid claim that appointed counsel could discover through his or her expertise in the law. This may at times produce what may appear to be a harsh consequence resulting from the restrictions in the new Act. However, the legislature has established the guidelines for reviewing post-conviction cases. In the case sub judice, the Petitioner raised claims that could have been asserted at trial and in his direct appeal. He has not presented a factual explanation why those claims have not been waived. Therefore, it was proper for the trial court to dismiss the petition without the appointment of counsel and without conducting an evidentiary hearing.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE