**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**June 2000 Session**

**J.D. HICKMAN v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Washington County**
**Nos. 22806 & 25731     Lynn W. Brown, Judge**

---

**No. E1999-02756-CCA-R3-PC**
**No. E2000-00626-CCA-R3-PC**
**(Consolidated)**
**September 27, 2000**

---

J.D. Hickman appeals from the Washington County Criminal Court's summary dismissal of his *pro se* petition for post-conviction relief, complaining of excessive sentences, and the denial of his *pro se* motion to correct his conviction judgments. After reviewing the record on appeal, the briefs of the parties, and the applicable law, we dismiss the petitioner's appeal from the denial of his motion to correct the judgment forms, and we affirm the trial court's dismissal of the post-conviction petition.

**Tenn. R. App. 3; Judgment of the Criminal Court in Case No. E1999-02756-CCA-R3-PC is Affirmed, and in Case No. E2000-00626-CCA-R3-PC, the Appeal is Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

J.D. Hickman, Mountain City, Tennessee, *Pro Se*

Paul G. Summers, Attorney General and Reporter, Patricia C. Kussmann, Assistant Attorney General, Elizabeth B. Marney, Assistant Attorney General, Joe C. Crumley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

J.D. Hickman appeals *pro se* from the Washington County Criminal Court's summary dismissal of his *pro se* petition for post-conviction relief and the denial of his *pro se* motion to correct the judgment papers on his convictions. Hickman is presently serving an effective eleven-year sentence in the Department of Correction for his 1997 convictions for theft and forgery. The issues raised and addressed herein are the subject of two separate, but related, appeals before this

court, which were consolidated for consideration and disposition. The petitioner raises two issues regarding the sentences he received on his theft and forgery convictions.

1. Whether the trial court erred in denying the petitioner's motion to correct the judgment forms to include pretrial sentencing credits.

2. Whether the trial court erred in dismissing the petitioner's petition for post-conviction relief in which he complains that the sentences he received were excessive.

After reviewing the record on appeal, the briefs of the parties, and the applicable law, we dismiss the petitioner's appeal from the denial of his motion to correct the judgment forms, and we affirm the trial court's dismissal of the petitioner's post-conviction petition.

**Procedural History**

J.D. Hickman, a former attorney, was charged in 1996 and 1997 with multiple counts of theft of property involving clients' funds. In June 1996, the Sullivan County grand jury returned a presentment charging that the petitioner committed theft of property valued between $10,000 and $60,000 from the estate of Georgetta Garrett Short. See Tenn. Code Ann. §§ 39-14-103, 39-14-105(4) (1997). Subsequently, in October 1996, the Sullivan County grand jury returned two additional presentments charging forgery and theft of property valued between $1,000 and $10,000 from Zeable Queen and charging theft of property valued more than $60,000 from Jamie Moore Hall. See Tenn. Code Ann. §§ 39-14-103, 39-14-105(3), 39-14-114 (1991). In September 1996, the Washington County grand jury returned a presentment charging theft of property valued more than $60,000 from the estate of Clarice Moore Peter. See Tenn. Code Ann. §§ 39-14-103, 39-14-105(5). Finally, sometime in 1997, the petitioner was charged in Washington County with theft of property valued over $500 from Fern Dulaney. See Tenn. Code Ann. §§ 39-14-103, 39-14-105(1).

In February 1997, the petitioner proceeded to a jury trial on the Sullivan County presentment charging theft from the Short estate. The jury found the petitioner guilty, and the trial court sentenced the petitioner to serve five years in the Department of Correction as a Range I standard offender.

Regarding disposition of the remaining charges, in May 1997 the petitioner moved to dismiss the charges in the Queen, Hall, Peter, and Dulaney cases on the basis that the state should have joined all offenses in one charging instrument or be barred from proceeding on them. The trial court denied the motion, whereupon the petitioner agreed to dispose of the remaining cases in Washington County. The petitioner entered guilty pleas to the Queen, Hall, Peter, and Dulaney charges, while reserving the joinder issue as a certified question of law for appeal. See Tenn. R. Crim. P. 37(b)(2). The trial court sentenced the petitioner to three years and six months incarceration in the Queen case, ten years incarceration in the Hall case, eleven years incarceration in the Peter case, and one year and six months incarceration in the Dulaney case. The trial court ordered the

sentences to run concurrently with each other and concurrently with the five-year sentence in the Short case, for an effective incarcerative sentence of eleven years.

On direct appeal of the petitioner's certified question, this court affirmed the judgment of the trial court and held that the trial court properly denied the motion to dismiss. State v. J.D. Hickman, No. 03C01-9710-CR-00483 (Tenn. Crim. App., Knoxville, Jan. 21, 1999). On June 14, 1999, the supreme court then denied the petitioner's Rule 11 application for permission to appeal.

Less than two months after permission to appeal was denied, the petitioner filed a *pro se* motion in the Washington County trial court, seeking to correct the judgment forms for the Hall and Peter prosecutions. The petitioner claimed that he was entitled to an additional 83 days of pretrial jail credits in the Hall case and that 222 days of pretrial jail credits should be given in the Peter case. The judgment form in the Peter case shows no pretrial jail credits.

On July 27, 1999, the trial court denied the petitioner's motion to correct the judgment forms. Although it appears that no signed order was entered denying the motion, the record on appeal contains a minute entry, which recites that the motion was denied and that "[j]udgments are not corrected for calculating jail time" because "[t]hat is an administrative matter for TDOC." Approximately two months later, on September 29, 1999, the petitioner filed a notice of appeal from the denial of his motion.

After the petitioner filed his first notice of appeal, he filed another motion in the Washington County trial court in which he alleged that his sentences in the Hall and Peter cases were illegal in that the sentences were excessive. On November 23, 1999, the trial court entered an order denying the motion. The order recites that the petitioner has a pending appeal and that the petitioner does not claim that he received a sentence outside the statutory range. As a result, the trial court concluded that it had no jurisdiction to resentence the petitioner. The petitioner did not appeal the trial court's order.

In December 1999, the petitioner then instituted an independent, collateral attack on the sentences in the Hall and Peter cases. Acting *pro se*, he filed an action in the Washington County trial court for post-conviction relief in which he alleged that he was sentenced unlawfully and contrary to statutory law. The state responded with a motion to dismiss the action without a hearing because the post-conviction petition did not allege a violation of a state or a federal constitutional right. The petitioner filed a response claiming in a conclusory fashion that both state and federal constitutional rights had been violated. The trial court reviewed the matter, and on February 2, 2000, the trial court dismissed the petition for failure to assert a colorable claim of a constitutional deprivation. On February 28, 2000, the petitioner filed a notice of appeal from the dismissal of the post-conviction action.

**Analysis**

Initially, we note that the appellate record in the consolidated appeals before us is meager. The various theft and forgery presentments returned by the Sullivan County and Washington County grand juries are not included in the appellate record. More significantly, the judgment forms relating to the petitioner's convictions have been omitted from the appellate record.

The appellant has the primary duty to ensure that all documents which are necessary for appellate review of his issues are included in the record. See Tenn. R. App. P. 24(a) (if less than the complete record is necessary, appellant shall file a designation of those documents to be included); Tenn. R. App. P. 24(e) (parties may correct or modify record to include matters that were omitted). As a reviewing court, we simply cannot function without an adequate record. The petitioner's briefs in this case and the papers that he filed with the trial court contain a plethora of assertions. Recitations of fact contained in an appellate brief, however, are no substitute for a complete record, and such recitations are not evidence that this court may consider. See, e.g., State v. Burton, 751 S.W.2d 440, 450 (Tenn. Crim. App. 1988).

As a general rule, in the absence of a complete record of what transpired in the trial court, we must presume that the trial court's rulings are supported by sufficient evidence and affirm the trial court's judgment. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). However, in this case, a review of the record indicates bases for resolving both cases despite the absence of judgments in the appellate record of the past convictions. We affirm the post-conviction court's dismissal of the post-conviction petition, for the reasons explained below. We dismiss the appeal of the denial of the motion to correct the judgment for different reasons, also as explained below.

**Pretrial Jail Credits**

The petitioner has appealed the trial court's denial of his motion to correct his sentence under Rule 3 of the Tennessee Rules of Appellate Procedure. This appeal must be dismissed. Rule 3 specifies the types of lower court actions in criminal cases which may be directly appealed to this court. Basically, a criminal defendant may pursue an appeal as of right from a judgment of conviction entered after a plea of not guilty, from a question of law properly certified for appeal after a guilty or *nolo contendere* plea, from a sentencing order in which the defendant was not bound by the terms of a guilty plea, and from an "order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The rule authorizes no rightful appeal from the denial of a motion to correct a sentence. We note that in this situation, when there is no Rule 3 appeal available, the defendant might have petitioned this court to grant a common law writ of *certiorari* to review the lower court's action, although such relief rarely would be justified. See generally State v. Willoughby, 594 S.W.2d 388, 391-92 (Tenn. 1980); Dearborne v. State, 575 S.W.2d 259-260-61 (Tenn. 1978). Clearly,

however, this court has no basis upon which to entertain a Rule 3 appeal.[1] But see State v. Frederick Cavitt, No. E1999-00304-CCA-R3-CD (Tenn. Crim. App., Knoxville, Jul. 13, 2000).

We dismiss the part of the consolidated appeal which emanates from the denial of the motion to correct sentences, case no. E2000-00626-CCA-R3-PC.

### Post-Conviction Relief

We affirm the trial court's dismissal of the petitioner's action seeking post-conviction relief. In his post-conviction petition, the petitioner alleges the following:

12. The petitioner does not allege he is not guilty of these charges; nor does he challenge the "blind plea" entered. The Petitioner alleges he was sentenced unlawfully (contrary to statutory law) by the Court. That is the only issue raised in this Petition.

This conclusory allegation, devoid of constitutional substance, was properly rejected, and we affirm the trial court's dismissal of the post-conviction petition for failure to assert a colorable claim of a constitutional violation. Tenn. Code Ann. § 40-30-206(d) (1997) ("A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.").

Furthermore, the petition is subject to dismissal on the basis of waiver. Under the 1995 Post-Conviction Procedure Act, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-206(g) (1997). A post-conviction petition is subject to dismissal without a hearing unless it alleges facts that explain why the grounds for relief were not previously waived in a prior proceeding in which the grounds could have been presented. E.g., Jerry Hardcastle v. State, No. M1999-00598-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Aug. 10, 2000).

The petitioner offers no explanation for, nor have we found any in the record, why he did not address his post-conviction claims in the trial court and in a direct appeal. Inasmuch as the petitioner is raising claims that he could have asserted in a direct appeal, Tenn. R. App. P. 3(b); Tenn. Code Ann. § 40-35-401 (1997), and because he has not presented a factual explanation why those claims have not been waived, the trial court properly dismissed the petition. See Blair v. State, 969 S.W.2d 423, 425-26 (Tenn. Crim. App. 1997).

---

[1] No appeal is available pursuant to Tennessee Rules of Appellate Procedure 9 or 10 because the petitioner is not attempting to appeal from an interlocutory order. See Tenn. R. App. P. 9(a), 10(a).

Last, we are disinclined to treat the matter as a post-conviction request for a delayed appeal. The petitioner has not requested or mentioned a delayed appeal, and the record contains no basis for determining that a delayed appeal is appropriate. <u>See</u> Tenn. Code Ann. § 40-30-213 (1997).

Accordingly, we affirm the judgment of the trial court dismissing the post-conviction petition in case no. E1999-02756-CCA-R3-PC.

_____
JAMES CURWOOD WITT, JR., JUDGE