IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## CLIFTON D. WALLEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hawkins County**
**No. 7733     James E. Beckner, Judge**

---

**No. E2000-02052-CCA-R3-PC**
**July 25, 2001**

---

The summary dismissal of the petition for post-conviction relief is affirmed because the petitioner failed to adequately allege ineffective assistance of counsel based upon conflict of interests and the claim of incompetency to stand trial is waived.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Kristi M. Davis, Knoxville, Tennessee, for the Appellant, Clifton D. Wallen.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; C. Berkeley Bell, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner, Clifton D. Wallen, appeals the Hawkins County Criminal Court's summary dismissal of his petition for post-conviction relief. After a jury trial, the petitioner was convicted in the trial court on July 11, 1997 of being an habitual motor vehicle offender and of evading arrest, Class E felonies, for which he received Range I, consecutive two-year sentences in the Department of Correction. This court affirmed the convictions and sentences, and our supreme court denied permission to appeal. *See State v. Clifton D. Wallen*, No. 03C01-9710-CC-00461 (Tenn. Crim. App., Knoxville, Mar. 17, 1999), *perm. app. denied* (Tenn. 1999). The petitioner filed a timely post-conviction petition, and the lower court dismissed it without conducting an evidentiary hearing. Based upon our review of the record, the briefs, and the applicable law, we affirm the dismissal of the petition.

The post-conviction petition claims the following:  The state failed to give notice of its intent to enhance the petitioner's sentence; the indictment was void because of the allowance of an amendment; the petitioner was denied counsel during his preliminary hearing; he was entrapped;

his sentences violate principles of due process; and he was incompetent to stand trial. The petition also claims that the petitioner's elbow counsel rendered ineffective assistance by failing to investigate and prepare for trial, failing to explain strategies and defenses to the petitioner, and failing to object to evidence during trial. The petition also states, without elaboration, that "[t]he courts where [sic] aware that a conflict existed between the petitioner and [counsel]. The court refused to appoint a new counsel to represent the defendant." In his appellate brief, however, the petitioner restricts his grounds for post-conviction relief to only two – that the petitioner received ineffective assistance of counsel "in that he was not appointed a new attorney when he advised the trial court of his conflict with [counsel]" and that, due to a brain condition, the petitioner was incompetent to stand trial. The petitioner asserts on appeal that the petitioner stated a colorable claim for relief on these two issues, and the trial court erred in summarily dismissing these claims. Also, he argues that the trial court erred in making neither findings of fact nor conclusions of law.[1]

# I

First, with respect to the claim of conflict, we note that ineffective assistance of counsel may result when an attorney's performance is affected by a conflict of interests. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067 (1984). In such a situation, prejudice is presumed, but only "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* A mere "potential conflict of interest" serves as no basis for a claim of ineffective assistance of counsel. *Michael Allen Hamlin v. State*, No. M1999-00936-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Nashville, Mar. 13, 2000). To establish the claim based upon conflict of interests, the conflict must be actual and significant, not irrelevant or "merely hypothetical." *Howard Clifton Kirby v. State*, No. 03C01-9303-CR-00074, slip op. at 4 (Tenn. Crim. App., Knoxville, Sept. 28, 1994), *perm. app. denied* (Tenn. 1995).

In the present case, however, the petition does not adequately state a claim of ineffective assistance of counsel. The petition merely asserts that "a conflict existed between the petitioner" and his "elbow" counsel. The allegation is devoid of any meaningful description of the conflict. It even fails to articulate a conflict *of interests, per se.*

Thus, as presented in the post-conviction petition, this claim is unworthy of an evidentiary hearing and was properly dismissed.[2] Whether a post-conviction claim is of a type or is presented in such a way as to make it subject to summary dismissal is generally a matter of

---

[1]The post-conviction court ruled only that the state's motion to dismiss the petition "is well taken and the [petition] . . . is hereby dismissed."

[2]We are aware that, in State v. Bradfield, 973 S.W.2d 937, 945 (Tenn. Crim. App. 1997), this court held that a *pro se* defendant may not collaterally challenge the effectiveness of his elbow counsel. Because the present issue is decided on a procedural basis, we do not determine whether a conflict-of-interests-based claim of ineffective assistance applies to elbow counsel.

legislative prerogative. *Blair v. State*, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997). In creating our current post-conviction relief law, our legislature mandated that a petition for post-conviction relief "shall include allegations of fact supporting each claim for relief." Tenn. Code Ann. § 40-30-204(e) (1997). "The petition must contain a *clear* and *specific* statement of all grounds upon which relief is sought, including *full disclosure of the factual basis* of those grounds." Tenn. Code Ann. § 40-30-206(d) (1997) (emphasis added). "*Failure to state a factual basis* for the grounds alleged *shall result in immediate dismissal* of the petition," although if the petition is filed *pro se*, the judge, in lieu of dismissal, may order the amendment of the petition. *Id*. (emphasis added); *see* R. Tenn. Sup. Ct. 28, § 6(B)(4)(a).

> There exists the possibility that a *pro se* petitioner may have a meritorious claim dismissed because the petitioner was unable to communicate it effectively in his or her petition, thus extinguishing the claim forever. . . . This may at times produce what may appear to be a harsh consequence resulting from the restrictions in the [1995 Post-Conviction Relief] Act. However, the legislature has established the guidelines for reviewing post-conviction cases.

*Blair*, 969 S.W.2d at 425. Even though the statute empowers a post-conviction court to order the amendment of a petition that contains inadequately described grounds for relief, it does not require the court to do so, and post-conviction courts act within their discretion when they dismiss such petitions. *Harris v. State*, 996 S.W.2d 840, 842 (Tenn. Crim. App. 1999), *perm. app. denied* (Tenn. 1999).

In the present case, we find no basis for concluding that the post-conviction court abused its discretion in dismissing the "conflict"-based claim of ineffective assistance of counsel.

## II

Neither did the lower court err in summarily dismissing the claim that the petitioner was incompetent to stand trial.

The state argues that this issue was previously determined. *See* Tenn. Code Ann. § 40-30-206(f), (h) (1997) (a ground for post-conviction relief has been previously determined and subject to dismissal when a court of competent jurisdiction has ruled on the merits after a full and fair hearing). The state refers to this court's direct appeal adjudication of the issue of the petitioner's competency to represent himself at trial. *See Clifton D. Wallen*, slip op. at 12. Apparently basing his direct appeal argument upon the same mental condition that he now uses as a post-conviction ground, the petitioner in his direct appeal claimed that he was not competent to represent himself. It is unclear, however, whether the petitioner in his direct appeal was attacking his competency to defend a criminal case or whether he challenged his competency to waive representation by an attorney. *See Clifton D. Wallen*, slip op. at 12. During the petitioner's sentencing hearing, the trial court stated that it had rigorously examined the petitioner in response to his request to represent

himself and that the petitioner "'demonstrated at all times a clear mind and ability to represent [him]self.'" Id. If the trial court actually ruled that the petitioner was competent to waive counsel, then, previously to the post-conviction, it had determined, in effect, his competency to stand trial, because competency to waive counsel equates to competency to stand trial. *State v. Clyde Turner*, No. W1999-00797-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, May 24, 2000).

Because it is difficult to discern the precise issue addressed by the trial court, we are unsure whether a previous determination of the issue has been made. It is of no consequence, however, to this post-conviction proceeding.

If the issue was not previously determined, it has been waived. It could have been presented for determination at trial and upon direct appeal. *See* Tenn. Code Ann. § 40-30-206(f), (g) (1997) (a ground for post-conviction relief has been waived and subject to dismissal when the petitioner "personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction"). Clearly, at the time of trial and the direct appeal, the petitioner knew about the mental condition that he later described in his post-conviction petition. He used the condition as a direct appeal basis for challenging his competency to represent himself. We see no reason why he could not have previously challenged his competency to stand trial. Thus, this issue presents no colorable claim for post-conviction relief. *See Harris*, 996 S.W.2d at 842.

### III

We do find, as the state on appeal has conceded, that the trial court erred in failing to set forth its findings of facts and conclusions of law. *See* Tenn. Code Ann. § 40-30-206(f), -211(b) (1997). Non-compliance with the statutory mandate to state findings of fact and conclusions of law, however, does not require a reversal when the record enables meaningful appellate review. *Rickman v. State*, 972 S.W.2d 687, 692 (Tenn. Crim. App. 1997). In the present case, the conflict issue is resolved in this appeal by the language of the petition, and the competency issue is resolved by a review of the petition and this court's opinion in *Clifton D. Wallen*. Thus, the record enables meaningful appellate review, and the petitioner is not prejudiced by the laconic nature of the trial court's order.

### IV

In conclusion, we find no reversible error and affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE