# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 23, 2001

## DONALD MITCHELL GREEN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 70417     Mary Beth Leibowitz, Judge**

---

**No. E2000-01941-CCA-R3-PC**
**August 2, 2001**

---

The petitioner, Donald Mitchell Green, appeals the trial court's denial of post-conviction relief. In this appeal of right, the petitioner contends that the trial court erred by ordering a dismissal without an evidentiary hearing. The judgment is reversed and remanded to the trial court for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Donald Mitchell Green, pro se.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 14, 1994, the petitioner pled guilty to aggravated robbery, misdemeanor theft, and failure to appear. He petitioner received an effective sentence of 36 years. This court affirmed on direct appeal. See State v. Donald Mitchell Green, No. 03C01-9808-CR-00276 (Tenn. Crim. App., at Knoxville, June 3, 1999). Permission to appeal to our supreme court was denied on November 22, 1999.

On April 14, 2000, the petitioner filed this petition for post-conviction relief, alleging that trial counsel was ineffective by, among other things: (1) failing to establish a defense; (2) misrepresenting the sentence length of a plea agreement; (3) failing to appeal; (4) failing to file a motion to withdraw the guilty plea despite assurances to the contrary; and (5) failing to secure witnesses.

The petitioner also claimed that the grand jury was unconstitutionally selected and that trial counsel failed to present any mitigating factors during the sentencing hearing. The trial court entered

an order of dismissal based upon its determination that the petitioner failed to state any colorable claims under Tenn. Code Ann. § 40-30-206, which provides in pertinent part as follows:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. . . .

Tenn. Code Ann. § 40-30-206(d).

The trial court concluded that the petitioner failed to allege anything more than "bare allegations," which were not "specific" or "factual," and that he failed to state any grounds for relief. In its order of dismissal, the trial court observed as follows:

> The transcript in this cause . . . [indicates] that the petitioner entered a blind plea subject to the Court's sentencing. The Court clearly discussed the range of sentence and punishment with the petitioner and the plea agreement such that the petitioner knew and understood those ranges. While it is true the trial attorney did not file an appeal for the petitioner or a motion to withdraw the guilty plea as the trial attorney had moved from the jurisdiction[,] the Court appointed counsel for the petitioner . . . did indeed file a direct appeal . . . . These issues were previously raised by the petitioner who received a maximum sentence within his range upon sentencing by the trial court, and the petitioner has been afforded review of the sentence during an appeal of his issues.

After the filing of the petitioner's appellate brief, the state filed a motion for summary affirmance. See Tenn. R. Crim. P. 20. This court denied the motion, determining that three of the petitioner's issues qualified as colorable: that trial counsel was ineffective for inducing a guilty plea by promising the petitioner a 20-year sentence; that trial counsel was ineffective for failing to file a motion to withdraw petitioner's guilty plea; and that petitioner was pressured into pleading guilty because of trial counsel's errors and ill preparation.

A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). Tennessee Code Annotated § 40-30-206 governs concepts of waiver and previous determination:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

(h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-206(g) - (h).

Subdivisions (d) and (e) of Tennessee Code Annotated § 40-30-206 also include the following additional language:

If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

A trial court must accept the allegations in a petition for post-conviction relief as true and may not consider other matters contained in the record in determining whether an evidentiary hearing is warranted. Hayes v. State, 969 S.W.2d 943, 944 (Tenn. Crim. App. 1997). Waiver and previous determination are proper grounds for denial of relief. If there is no factual explanation as to why a claim has not been previously presented, the doctrine of waiver requires dismissal of the claim without an evidentiary hearing. Blair v. State, 969 S.W.2d 423, 425-26 (Tenn. Crim. App. 1997). A petitioner has had a full and fair hearing and is barred by the doctrine of previous determination when he has had an opportunity to present proof and make argument on a claim. Carter v. State, 958 S.W.2d 620, 625 (Tenn. 1997). In Blair, this court ruled that "[a]lmost any ground for relief, except ineffective assistance of counsel, could be raised during trial, and failure to do so will be deemed a waiver." Blair, 969 S.W.2d at 425.

The petitioner based his post-conviction claim almost entirely upon the alleged ineffectiveness of his trial counsel. In our view, he should have been granted the opportunity to prove his allegations. While unartfully drawn, the petition alleges that trial counsel induced the petitioner into pleading guilty because he was assured that he would receive a 20-year sentence; that

trial counsel failed to file a motion to withdraw his guilty plea; and that he was pressured into pleading guilty because of trial counsel's errors and ill preparation. While the record does demonstrate that the petitioner, through substitute counsel, did, in fact, file a direct appeal, he is entitled to the appointment of counsel and an evidentiary hearing on his claims of ineffective assistance of counsel.

The judgment of the trial court is reversed and the cause is remanded for the appointment of counsel and an evidentiary hearing.

_____
GARY R. WADE, PRESIDING JUDGE