# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## YOURL LEE BASS, JR., Pro Se v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Sumner County
### No. 380-03    Jane L. Wheatcraft, Judge

---

### No. M2003-01235-CCA-R3-PC - Filed March 16, 2004

---

The Petitioner, Yourl Lee Bass, Jr., appeals the trial court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a colorable claim for post-conviction relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Yourl Lee Bass, pro se.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 15, 2002, Petitioner pled guilty to three counts of robbery and one count of aggravated robbery and was sentenced to three years at 30% on each of the robbery counts concurrent to each other but consecutive to a sentence of eight years on the aggravated robbery count. Petitioner filed a petition for post-conviction relief on April 16, 2003. In the petition he alleged that his convictions were illegal because the indictments were improperly drawn, as they did not run in the name of the State of Tennessee and were not signed by the clerk of the trial court. Petitioner further contended that he was not aware that his indictments were illegal and unconstitutional, and he would not have entered into the guilty pleas had he been aware of the same. Petitioner further alleged that his counsel was ineffective for failing to investigate and research the

1

constitutionality of the indictments in his case. On May 7, 2003, the post-conviction court denied Petitioner post-conviction relief without a hearing or appointing counsel. Petitioner timely filed a notice of appeal.

On appeal, Petitioner asserts that the trial court erred in summarily dismissing his petition for post-conviction relief. He asserts that the trial court should have appointed counsel and allowed him to file an amended petition with the assistance of counsel. The Post-Conviction Procedure Act provides that a trial court must consider a petition within thirty days of its filing and "examine it together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Tenn. Code Ann. § 40-30-106(a). The prescribed form for petitions requires that the grounds for relief must be specified and that a petitioner must set out the facts to establish a "colorable claim." A colorable claim is one "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup.Ct. 28, § 2(H). Furthermore, a petitioner must rebut the presumption that claims have either been waived or previously determined. Tenn. Code Ann. § 40-30-104(e). The presumption of waiver exists as follows:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-106(g). "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law." Tenn. Code Ann. § 40-30-106(f). Further, the Rules of Post-Conviction Procedure state if the trial court determines that "a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended." Tenn. Sup.Ct. R. 28, § 6(B)(4)(a). Thus, when a trial court determines that petitioner has not presented a colorable claim, the trial court may, in its discretion, summarily dismiss the petition without the appointment of counsel. See Blair v. State, 969 S.W.2d 423 (Tenn. Crim. App. 1997).

Petitioner's arguments center around his allegation that the indictments in his case were illegal and in violation of constitutional mandates. Specifically, Petitioner contends that his indictments were defective because they did not run in the name of the State of Tennessee and did not bear the clerk's signature. The defects Petitioner cites to are procedural, rather than substantive, safeguards. Therefore, an objection to a defect of this nature, including the signature of the clerk, must be made pre-trial and not in a collateral proceeding. See Tenn. R. Crim. P. 12(b)(2); Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, *2 (Tenn. Crim.

App. at Jackson, Dec. 31, 2003); <u>Nelson B. Graves v. Howard Carlton, Warden</u>, No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App. at Knoxville, Mar. 25 1998). Accordingly, Petitioner's arguments must be deemed waived. Moreover, after a review of the challenged indictments, this court finds the indictments were properly drawn and filed by the trial court clerk. Accordingly, Petitioner's arguments must fail.

Because we have determined that there was no error in the indictments, we must also conclude that Petitioner's remaining claims have no merit. If the indictments were proper, Petitioner's counsel cannot be found to ineffective for failing to investigate and research the indictment issues as Petitioner alleges. Petitioner failed to set forth a colorable claim in his petition for post-conviction relief. Accordingly, this court can find no error in the trial court's dismissal of the petition without a hearing or appointment of counsel. <u>See</u> <u>Blair v. State</u>, 969 S.W.2d 423 (Tenn. Crim. App. 1997).

The State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

3