IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2007

## HOMER T. RIVERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County
Nos. 05-01-0137 & 06-01-0198      J. Weber McCraw, Judge**

───────────

**No. W2006-01607-CCA-R3-PC  - Filed June 1, 2007**

───────────

The petitioner, Homer T. Rivers, appeals from the Hardeman County Circuit Court's dismissal of his post-conviction petition. He claims that the trial court erred in dismissing his petition for failure to state a colorable claim and seeks appointment of counsel and an evidentiary hearing. The state agrees that the trial court should not have dismissed the petition. We agree and reverse the dismissal and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed,
Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Homer T. Rivers, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the allegations of the petitioner's pro se petition for post-conviction relief, he was convicted "on or around" January 11, 2006, of delivery of one-half gram or more of cocaine and received a sentence as a Range I offender of eight years to be served on probation. The petitioner also alleged that he was convicted at the same time of misdemeanor possession of a Schedule IV controlled substance, for which he received a sentence of eleven months and twenty-nine days. He alleges that the convictions were a result of his guilty pleas and that the sentences were ordered to be served consecutively.

The petition was filed in the Hardeman County Circuit Court on June 26, 2006. The trial court dismissed the petition without appointing counsel, allowing amendment, or conducting a

hearing, on July 19, 2006. The court found that the petition "does not contain sufficient clear and specific statements including a full disclosure of facts to establish a factual basis for the grounds alleged and for which relief is sought[.]"

The petitioner appealed the trial court's dismissal of the petition to this court. On appeal, the state agrees with the petitioner that the trial court was in error in dismissing the petition for failing to state a colorable claim. Upon review, we agree.

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is reviewed as a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, our review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See T.C.A. § 40-30-106(d). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. T.C.A. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997).

Like many pro se petitions, the one in the present case is not a model of clarity. However, in the light most favorable to the petitioner, the petition alleges that the petitioner's trial attorney was ineffective and that counsel coerced the petitioner into pleading guilty. He makes allegations of particular shortcomings of counsel to support his claim, such as counsel coercing his pleas and not attacking the trial court's jurisdiction. We conclude these allegations establish a colorable claim that the petitioner's guilty pleas were unknowing and involuntary and that he did not receive the effective assistance of counsel. Rather than dismissing the petition, the trial court should have appointed counsel and allowed the petitioner an evidentiary hearing.

Based upon the foregoing and the record as a whole, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE