IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

## FRANK LEE TATE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Fayette County**
**No. 5452     J. Weber McCraw, Judge**

---

**No. W2008-00763-CCA-R3-PC  -  Filed April 21, 2009**

---

The petitioner, Frank Lee Tate, appeals the Circuit Court for Fayette County's dismissal of his pro se petition for post-conviction relief from his convictions for aggravated rape, a Class A felony, and incest, a Class C felony. He received concurrent sentences of sixty years for aggravated rape and fifteen years for incest. The trial court dismissed his petition without appointing counsel and without holding a hearing. On appeal, the petitioner lists over thirty claims. We affirm the dismissal of the petition for post-conviction relief.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Frank Lee Tate, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner's convictions relate to the rape and injury of his mother. At the trial and on direct appeal, the petitioner proceeded pro se. A jury convicted the petitioner of aggravated rape and incest, and the trial court imposed sentences of sixty years as a Range III, career offender for the aggravated rape conviction and fifteen years for the incest conviction. This court affirmed the petitioner's convictions but remanded the case for resentencing on the aggravated rape conviction regarding whether the petitioner was a repeat violent offender or a career offender. See State v. Frank Lee Tate, No. W2004-01041-CCA-R3-CD, Fayette County (Tenn. Crim. App. Feb. 23, 2007), app. denied (Tenn. June 18, 2007). The record reflects that the petitioner is a career offender. See T.C.A. §§ 40-35-108(c); -120(g).

In his petition for post-conviction relief, the petitioner raises myriad claims, which we combine into the following contentions:

1. that the trial court erred in refusing the petitioner's motion to inspect the victim's medical records for him to show that the victim's injuries occurred before the alleged aggravated rape and that this refusal prejudiced his right to cross-examine the victim;

2. that the State possessed the victim's medical records, that the refusal to disclose them violated Brady v. Maryland, 373 U.S. 83 (1963), and that ambiguity existed between a statement in the police report that a DNA test would not be feasible after the petitioner had washed his hands and bathed and the petitioner's interaction with medical staff;

3. that the affidavit of complaint contained false statements and that he based his defense strategy on the statements in the affidavit;

4. that his right to compulsory process was infringed when the trial court quashed subpoenas that the petitioner requested for a prosecutor and a law enforcement officer and that the testimony of the law enforcement officer, Ron Swanton, would have been relevant to the victim's credibility;

5. that newly discovered DNA evidence requires reversal of his convictions, that the prosecutor lied to the trial court when stating that no DNA analysis had been performed, and that this newly discovered DNA evidence would impeach the victim's statement at trial that she had not had sexual intercourse within four days of the aggravated rape because the DNA revealed "the presence of an unidentified male individual" that "excluded [the petitioner] as a donor of the genetic material";

6. that the issues raised in the petition were not waived in view of the trial and appellate courts' failure to rule on all the issues presented in the petitioner's motions, particularly that he was not able to impeach Ricky Wilson, a witness for the State, and that Michael Draper, the police officer who investigated the petitioner's case, was not compelled to testify by subpoena; that both of these witnesses were necessary for the pro se petitioner to impugn the victim's credibility;

7.     that his confession was involuntary because his life was threatened in the jail and he did not have his medications;

8.     that his confession was the fruit of an illegal detention before a probable cause determination was made pursuant to Gerstein v. Pugh, 420 U.S. 103, 114 (1975);

9.     that the trial court erroneously did not allow the petitioner to present the hearsay testimony of Minnie Ryan and Mary Coburn, whose statements would have aided the petitioner's defense and would have shown that the victim was having sexual relations with someone other than the petitioner in the time frame of the aggravated rape, and that the trial court erroneously refused to rule on the petitioner's motion to have the victim's boyfriend, Frederick Hill, submit to DNA testing;

10.    that the State "excluded" a preliminary hearing transcript and that this transcript would show that the victim "recanted" her version of the events in question and inconsistently narrated the events;

11.    that the petitioner was unconstitutionally prohibited from calling witnesses in his favor to testify about the victim's sexual history during the time frame of the aggravated rape and that the trial court erroneously did not allow a credible witness to testify on this subject;

12.    that the grand jury was not racially diverse, that the petit jury was unconstitutionally impaneled, and that the trial court improperly denied his information requests regarding jury selection, with the result that the petitioner was not able to prove that the manner of selecting the jurors was unconstitutional;

13.    that the petitioner's counsel at the preliminary hearing failed to act to show the information contained in the affidavit of complaint was false and that the grand jury had false information upon which to base its determination and issuance of an indictment;

14.    that the trial court abused its discretion in overruling the petitioner's motion for new trial without stating its factual findings and conclusions of law and that the trial court "failed to fulfill his role as a thirteenth juror";

15.    that the trial court improperly prevented the petitioner from cross-examining the victim when the victim was testifying "for a plea agreement [and] not to prosecute son Robert Tate";

16.    that the trial court erred in excluding the testimony of Mary Coburn, a defense witness, when it found the witness violated the rule of sequestration;

17.    that the State told the victim not to talk to the petitioner through the handwritten note on the warrant that the petitioner was to have no contact with the victim;

18.    that the petitioner was improperly prevented from asking the jurors questions about their prejudice against him;

19.    that the trial court erred in denying the petitioner funding for an expert witness for DNA analysis;

20.    that the trial court failed to instruct the jury on the proper mental state, credibility, and the presumption of innocence;

21.    that the trial court was prejudiced against the petitioner; and

22.    that the trial court failed to dismiss the indictment when the indictment failed to charge all elements of aggravated rape, particularly "bodily injury," and that there was a fatal variance between the indictment and the proof presented at the trial.

The trial court dismissed the pro se petition without a hearing and without appointing counsel, finding that the petitioner failed to state a factual basis for relief and that because the petitioner "repeatedly" refused the appointment of counsel, the court saw no purpose to appointing counsel to file an amended petition conforming to statutory requirements. On appeal, the petitioner repeats the allegations of error in his petition, but he also contends the trial court erred in dismissing the petition without appointing counsel, by failing to hold a hearing, by failing to set out a finding of fact, by failing to find that the petitioner stated a colorable claim regarding the voluntariness of his confession, and by failing to give the petitioner fifteen days in which to file an amended petition conforming to statutory requirements. The State responds that the trial court properly dismissed the petition because it failed to state specific facts supporting the petitioner's claims for relief and because the petitioner failed to state a colorable claim for relief.

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is reviewed as a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, our review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See T.C.A. § 40-30-106(d). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. T.C.A. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997).

We hold that the petitioner has failed to state a factual basis for any alleged ground for relief and that the petitioner has failed to state a colorable claim for relief that has neither been previously determined nor waived. In his lengthy petition, the petitioner repeats conclusory statements presented to the trial court and to this court on direct appeal that his constitutional rights have been violated, without adding statements of fact to bolster his assertions. The closest the petitioner comes to articulating facts relevant to his alleged grounds for relief is a statement that his confession was involuntary when he was detained in jail for seven days without the benefit of his medication and without appearing before a magistrate, although he does not allege what prescriptions he was taking or the conditions they remedied. Review of the record, particularly the DNA analysis mentioned by the petitioner as newly discovered evidence, also shows the petitioner did not fully disclose all facts for his claim that DNA analysis revealed another male's DNA. The same analysis found the petitioner's DNA on the victim in the location she described to the sexual assault nurse, thereby re-inculpating the petitioner. In the light most favorable to the petitioner, he has not fully disclosed the factual basis of any cognizable ground for post-conviction relief. See T.C.A. § 40-30-106(d) ("Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition."). The trial court properly dismissed the petition.

We note that the petitioner already raised in the trial court and on direct appeal numerous issues of error he alleges in his petition for post-conviction relief. The issues, which he admits he raised, are barred as being previously determined. T.C.A. § 40-30-106(h). Next, the petitioner waived any remaining issues, which he claims the courts did not address, through his own failure to present these motions during hearings in the trial court. The record reflects that the pro se petitioner filed approximately 130 pretrial motions but that he declined to present some of them to the court. State v. Frank Lee Tate, slip op. at 10. As noted in this court's opinion on direct appeal, "failure to bring a motion to the attention of the trial court constitutes a waiver of the issue." Id. (citing State v. Locke, 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988); State v. Kinner, 701 S.W.2d 224, 227 (Tenn. Crim. App. 1985) ("The filing of a motion with the clerk without presenting it to the trial court for determination is of no effect.")). The trial court correctly dismissed the petition. T.C.A. § 40-30-106(d).

The trial court also acted within its discretion in dismissing the petition rather than appointing counsel. See T.C.A. § 40-30-106(e). The trial court found in its order that the petitioner had "repeatedly" refused the assistance of appointed counsel. The only other reference in the record to the petitioner's appointed counsel is the petitioner's claim that his counsel at the preliminary hearing failed to act to challenge the information contained in the affidavit of complaint, such that

the grand jury had false information upon which to deliberate and to base any determination. The evidence does not preponderate against the trial court's finding that appointment of counsel was unnecessary. See T.C.A. § 40-30-106(e). The trial court properly dismissed the petition.

Based on the foregoing and the record as a whole, we affirm the dismissal of the petition.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE