IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**ANTONIO ARNOLD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 02-07507    Carolyn Wade Blackett, Judge**

_____

**No. W2007-02640-CCA-MR3-PC  - Filed May 5, 2009**
_____

The pro se petitioner, Antonio Arnold, appeals as of right the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief. The post-conviction court dismissed the petition based upon its finding that the petition did not contain sufficient and specific factual bases in support of his claim for relief. Following our review, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Criminal Court is Reversed; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Antonio Arnold, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracye N. Jones, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The petitioner was convicted by a Shelby County jury of felony murder, voluntary manslaughter, aggravated burglary, and aggravated assault. At sentencing, he received an effective sentence of life imprisonment. His convictions were affirmed on direct appeal to this court. State v. Antonio Arnold, No. W2005-00119-CCA-R3-CD, 2006 WL 2466852 (Tenn. Crim. App. Aug. 25, 2006), app. denied (Tenn. Jan. 29, 2007).

The record reflects that the petitioner filed a timely petition for post-conviction relief on September 10, 2007. The petitioner utilized the standard form petition, alleging ineffective assistance of counsel as the sole basis for his petition. On October 5, 2007, the State filed a timely response to the petition and argued that the petition should be summarily dismissed due to the petitioner's failure "to provide any statements indicating the grounds upon which relief is sought as

well as [the failure] to provide any factual basis for his petition." The trial court summarily dismissed the petition on October 5, 2007.

Failing to provide a factual basis for the allegations contained in the petition may be a proper basis for summary dismissal. Tenn. Code Ann. § 40-30-106(d); Tenn. Sup. Ct. R. 28, § 5(F)(3). However, the record also contains a Brief in Support of his Petition for Post-Conviction Relief that does detail the factual bases in support of his allegations of ineffective assistance of counsel. The document is not file-stamped by the Shelby County Criminal Court Clerk; however, the brief was signed by the petitioner on August 30, 2007 – the same date and executed before the same notary as the petition for post-conviction relief.

Based upon this record, we cannot ascertain whether the brief was received after the entry of the post-conviction court's summary dismissal or whether it was received prior to the entry of the order yet not brought properly to the attention of the trial court for appropriate consideration. It is apparent, however, that the petitioner prepared and swore to a brief containing the factual basis for his claim contemporaneous to the preparation and filing of his petition for post-conviction relief. We further note that although the failure to state a factual basis for alleged grounds for relief is an appropriate basis for summary dismissal, when presented with a pro se petition, the post-conviction court "may enter an order stating that the petitioner must file an amended petition [stating a factual basis] within fifteen (15) days or the petition will be dismissed." Tenn. Code Ann. § 40-3-106(d); see also Blair v. State, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997), app. denied (Tenn. 1998). Under these circumstances, we conclude that the appropriate action is to reverse the post-conviction court's summary dismissal and remand the case for the appointment of counsel and, ultimately, an evidentiary hearing regarding the factual allegations of the petition.

**CONCLUSION**

Based upon the foregoing, the judgment of the post-conviction court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE