IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

March 3, 1999

Cecil W. Crowson
Appellate Court Clerk

WILLIAM D. PEWITT,          )
                            )
        Appellant,          )        No. 01C01-9804-CC-00195
                            )
                            )        Williamson County
v.                          )
                            )        Honorable Henry Denmark Bell, Judge
                            )
STATE OF TENNESSEE          )        (Post-Conviction)
                            )
        Appellee.           )


For the Appellant:

William D. Pewitt, Pro se
No. 119709, T.C.I.P.
Route 1
Only, TN 37140-9709

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Daryl J. Brand
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Ronald L. Davis
District Attorney General
Williamson County Courthouse
P.O. Box 937
Franklin, TN 37065-0937


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, William D. Pewitt, appeals as of right from the dismissal of his petition for post-conviction relief by the Williamson County Circuit Court. He seeks relief from his 1994 convictions for witness coercion, a Class D felony, and assault, a Class A misdemeanor. His convictions were affirmed on appeal. State v. William D. Pewitt, No. 01C01-9411-CC-00375, Williamson County (Tenn. Crim. App. Aug. 22, 1996), app. denied (Tenn. Jan. 1, 1997). The petitioner contends that the trial court erred in dismissing his petition without appointing counsel, allowing amendment of the petition with the aid of counsel, or holding an evidentiary hearing. We affirm the trial court's order dismissing the petition for failure to state a claim.

The original petition filed by the petitioner alleges that the prosecution suppressed evidence favorable to the petitioner, but no particulars are mentioned. It alleges that there was prosecutorial and judicial misconduct in the case that "could extend" to an unconstitutionally selected and impaneled jury, but no particulars are mentioned. It alleges that the petitioner was denied the effective assistance of counsel, but no particulars are mentioned. It also alleges that the petitioner has "documents and information" of newly discovered evidence to support his contention that he was denied a fair, unbiased and impartial trial, but no particulars are mentioned. The petition asserts that the petitioner needs a copy of all the case records in order to address the issues completely, and it refers to a Tennessee Bureau of Investigation probe "into the charges of wrongdoing by officials in the 21st district" as "evidence enough" to warrant the appointment of counsel and a hearing.

Pursuant to T.C.A. § 40-30-206(d), the trial court entered an order noting the complete lack of a factual basis for relief in the petition and requiring the petitioner to file an amended petition containing a factual basis for each ground alleged and

2

including supporting documents. The petitioner filed an amendment to his petition and attached as Exhibit A copies of letters to him from David Gatchell and copies of 1994 and 1996 publications apparently stemming from Mr. Gatchell, including a publication called The Independent.

The amendment alleges that the TBI probe ordered by the governor's office and the articles published by The Independent are sufficient to justify the appointment of counsel, discovery, and a hearing in which to develop the petition and case further. It also alleges that the petitioner's trial attorney failed to interview witnesses, failed to ferret out evidence not disclosed by the prosecution, failed to make proper objections during the trial, and failed to represent the petitioner adequately and effectively. The amendment contains no other allegations regarding the petitioner's claims.

The documents in Exhibit A contain allegations regarding past litigation in the 21st judicial district, none dealing with the petitioner's case. The 1994 article reports that then Governor Ned Ray McWherter sent charges of wrongdoing made by a citizens' group against some 21st judicial district officials to the TBI for review. The central thrust of the complaints are reported to have dealt with the district attorney's office and the Perry County sheriff. No mention is made of further developments, if any, occurring in the succeeding three and one-half years before the petitioner filed his post-conviction petition.

The trial court dismissed the petition as amended. It stated that the petitioner still failed to allege a factual basis for any of the grounds he alleged.

The petitioner asserts that the trial court cannot dismiss an inartfully drawn petition without providing aid of counsel. He cites a repealed statute and a case

3

based upon the repealed Post-Conviction Procedure Act. The record reflects that the petition was prepared on the form provided by the Tennessee Supreme Court. See Tenn. Sup. Ct. R. 28 app. A. It is anything but inartfully drawn. The form petition includes the following admonition:

> INCLUDE UNDER EACH VIOLATION YOU CLAIM EACH AND EVERY FACT YOU FEEL SUPPORTS THIS CLAIM. EXPLAIN IN DETAIL HOW YOU ARE PREJUDICED BY THE VIOLATION AND WHY YOU ARE ENTITLED TO RELIEF. BE SPECIFIC.

As previously noted, the petitioner provided no factual basis for his claims in the petition. Pursuant to T.C.A. § 40-30-206, the trial court is to give preliminary consideration to the original petition. Subsection (d) provides as follows:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

The trial court in this case ordered an amendment and expressly advised the petitioner that the factual basis for his claimed grounds must be provided. The trial court was not required to appoint counsel for the purpose of providing the factual basis for the petitioner's claims.

The petitioner's amended petition adds nothing in the way of relevant allegations except for his claim of ineffective assistance of counsel. However, the allegations of fact as to that claim, taken as true, do not show that the defendant's Sixth Amendment right to the effective assistance of counsel was violated. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), a capital case, the United States Supreme Court reviewed an ineffective assistance of counsel claim that was dismissed without a hearing. The Court determined that the ineffective assistance

4

of counsel claim that would merit relief from a conviction or sentence has two components: (1) that counsel's performance was professionally deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Id. at 687, 104 S. Ct. at 2064. In holding that the dismissal was appropriate, the Court concluded that the petitioner failed to show that either prong existed. Id. at 700, 104 S. Ct. at 2071.

In the present case, the bare allegations that counsel failed to interview witnesses, failed to discover evidence not disclosed by the prosecution and failed to make proper objections during the trial carry neither a hint of deficient performance by counsel nor a glint of those actions prejudicing the petitioner at his trial.[1] Therefore, the petitioner's allegations fail to state a ground for post-conviction relief. Pursuant to T.C.A. § 40-30-206(f), the trial court was obligated to dismiss the petition. Absent the petition alleging a colorable claim for relief, the petitioner was entitled to neither the appointment of counsel nor an evidentiary hearing.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

---

[1]The petitioner asserts a few additional facts in his appellate brief, but they are too late. See, e.g., Gary (Jake) Harris v. State, No. 03C01-9803-CR-00085, Unicoi County (Tenn. Crim. App. Jan. 15, 1999). In any event, most of the allegations do not appear to relate to the claims he made in his trial court pleadings.

CONCUR:

_____
John H. Peay, Judge


_____
Norma McGee Ogle, Judge