IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## CUMECUS R. CATES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 72267     Mary Beth Leibowitz, Judge**

---

**No. E2001-01408-CCA-R3-PC**
**June 13, 2002**

---

Pursuant to a plea agreement, the Petitioner pled guilty to four felony drug offenses and received an effective sentence of sixteen years. After a hearing, the trial court ordered the sentence to be served in the Tennessee Department of Correction. The Petitioner filed a petition for post-conviction relief, which the trial court dismissed without a hearing for failure to state a colorable claim. Concluding that the Petitioner stated a colorable claim, we reverse and remand for a hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Cumecus R. Cates, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and S. Jo Helm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

### I. Procedural Background

On August 7, 2000, the Petitioner, Cumecus R. Cates, entered guilty pleas to four felony drug offenses, receiving an effective sentence of sixteen years. The manner of service of the sentence was to be determined by the trial court after a sentencing hearing.[1] Following a sentencing hearing on September 28, 2000, the trial court ordered that the sentences be served in the Tennessee Department

---

[1]Because the Defendant received consecutive sentences, none longer than eight years, he was eligible for alternative sentencing. See Tenn. Code Ann. § 40-35-303(a).

of Correction. On March 9, 2001, the Petitioner filed a petition for post-conviction relief, in which he alleged that his "[c]onviction was based on [an] unlawfully induced guilty plea, or guilty plea involuntarily entered without understanding of the nature and consequences of the plea"; and that he was denied effective assistance of counsel.

Included in the petition is the following:

My court-appointed [a]ttorney . . . visited me while I was in the Blount County Jail on an unrelated matter. I not only had the four class B felony cocaine charges pending against me, but I also had a Robbery charge in Knox County (to which I assert my innocence). In this Robbery charge, I have a very solid alibi. When my [a]ttorney came to visit me in the Blount County Jail, he told me that he had spoken to my alibi witness and that his testimony would not be sufficient to get me a not-guilty verdict on the Robbery charge. He further advised me that I must decide to take the sixteen (16) year plea agreement right away, or the State would force the issue and go ahead to trial on the Robbery charge. In other words, take the plea agreement, or face the fact that I have a good chance of being found guilty of a charge that I did not commit. [My attorney] was adamant that regardless of my guilt or innocence, I did not need to go to trial on the robbery charge. He made me feel as if I had no choice other than accepting this sixteen year plea agreement.

As it turns out, I did agree to the sixteen year plea agreement. But, only a very short time thereafter, I found out that [my attorney] never did contact my alibi witness. In fact, my alibi witness had been trying to contact [my attorney] for weeks. My alibi witness is prepared to offer a sworn affidavit attesting to this fact. After thinking about it, I realized that [my attorney] totally mislead [sic] me. He never had any idea what my alibi witness had to say. Had he went [sic] to see the witness, instead of simply lying to me, he would have seen that I was not guilty. Since I do not know about the intricacies of the law, I did not understand that I have an absolute right to have my defense vigorously pursued by my defense counsel. Now that I am in the State penitentiary, I have access to the law books. They have shown me that my right to effective assistance of counsel was violated. Further, I now know that a plea agreement made involuntarily or unknowingly, is invalid under the Constitutions of the United States and Tennessee respectively.

Another reason I feel I was mislead [sic] into taking this sixteen year plea agreement is that I was told by [my attorney] and the Assistant District Attorney that the office of the District Attorney would not oppose probation for me in the case. When [my attorney] told me that if I pled to the charges, the prosecution would not oppose probation, it more or less said to me, "if I take the plea, then I will get probation." The very next day after I took the open plea, the prosecution filed a motion to oppose probation. Of course by then, I had already taken the plea, so I figured I was stuck with it. Well, that is just another way I feel I was tricked. After taking the plea, I found out that my case had been transferred to a different Assistant District Attorney

. . . who also happened to be the violent crimes prosecutor. Since it was transferred to her, the deal fell flat. The only problem . . . is that [my attorney] never informed me of this. On the day of my probation hearing, [my attorney] was unprepared. He had informed me that the hearing would be postponed because I had pending charges. Of course, it was not postponed. We were forced to go through with the hearing. Since I had been informed by my [a]ttorney that the hearing would be put off, I did not have my character witnesses there to testify on my behalf. My wife, my mother and other friends and family planned on testifying for me. But since [my attorney] informed me that there would be no hearing, no one was there. I have also found out that the baliff of the court was talking to the Judge about me prior to the hearing. This baliff and I have some history together, and I feel that he may have exerted some undue influence on the Judge, which resulted in prejudice against me receiving probation.

Moreover, I feel that [my attorney], my attorney through all of this, did not do his job as my defense counsel. I feel that if not for his bad advice and intentional misrepresentation of the facts to me, I would have proceeded to trial on this matter. Please consider this matter for an evidentiary hearing, at which I would offer proof of all that I have said here today.

On May 15, 2001, the post-conviction court entered an order dismissing the petition for post-conviction relief for "failure to assert a colorable claim." See Tenn. R. Sup. Ct. 28, § 2(H). This conclusion by the post-conviction court was based upon the following findings of fact:

That the complaint of the petitioner complains about the services of his attorney in matters unrelated to the cases upon which he has filed his post-conviction petition[;] that case is still pending before this Court. Thus he has alleged no issues regarding failure of his attorney with regard to the four (4) cases upon which the petition is filed. Further he claims that he was promised probation and upon examination of the post-conviction petition [the Petitioner] clearly understood that he had a sixteen (16) year agreement and that the Court allowed him to apply for Intensive Probation and Community Alternatives to Prison Program and alternative relief. It is also clear that he had major charges pending in Knox County, which he still has pending, and that he also had drug charges pending in Sullivan County, Tennessee. The Courts made it a point to the defendant to understand that there was no promise of probation [and] that the Court would make the decision. [The Petitioner] did not receive probation as a result of which he continues to complain about a plea agreement which did not turn out the way he expected.

## II. Analysis

Tennessee Code Annotated § 40-30-206(d) provides as follows: A petition for post-conviction relief

must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

This Court has held that bare allegations that counsel failed to interview witnesses, failed to discover evidence not disclosed by the prosecution, and failed to make proper objections during the trial do not sufficiently set forth a factual basis for a claim of ineffective assistance of counsel. See Pewitt v. State 1 S.W.3d 674, 676 (Tenn. Crim. App. 1999).

As the State points out in its brief, a petitioner's grounds for relief must be specific and the petitioner must set forth facts that establish a "colorable claim." Tenn. R. Sup. Ct 28, § 2(H). A colorable claim is defined as a claim "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Id. Furthermore, when no colorable claim is presented or implied, it is not necessary to appoint counsel. See Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988).

After a careful review of the petition for post-conviction relief, we must respectfully disagree with the trial court's conclusion that no colorable claim is presented in the petition. The Petitioner alleges ineffective assistance of counsel and specifically alleges that counsel misrepresented to the Petitioner that counsel had interviewed an alibi witness and found the witness's testimony to be unconvincing. Although the alibi witness was not involved in any of the four cases to which the Petitioner pled guilty, the Petitioner alleges that his decision to accept a plea in the four drug cases was directly related to his attorney's misrepresentations pertaining to the alibi witness and the disposition of the case in which the alibi witness's testimony would have been critical.

Next, the Petitioner alleges that his attorney told him if the Petitioner entered guilty pleas in the drug cases, the district attorney would not oppose probation. Our review of the record of the sentencing hearing reveals that Assistant District Attorney General Helm vigorously opposed probation. Petitioner also alleges ineffective representation by his counsel prior to and at the sentencing hearing in that counsel told the Petitioner that the hearing would be postponed, which caused the Petitioner to be without numerous character witnesses. Finally, the Petitioner avers that but for the ineffectiveness of his counsel, Petitioner would have proceeded to trial on "this matter."

Our review indicates that the Petitioner has stated a colorable claim. We thus conclude that the trial court erred in dismissing the petition without an evidentiary hearing. Therefore, this case must be remanded to the trial court for appointment of counsel and for an evidentiary hearing. Whether the assertions made by the Petitioner are credible or whether they have any merit are determinations to be made by the trial court after the evidentiary hearing.

_____

ROBERT W. WEDEMEYER, JUDGE