IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

## COREY CARTWRIGHT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-427     Seth Norman, Judge**

_____

**No. M2002-02600-CCA-R3-PC - Filed October 21, 2004**

_____

The petitioner, Corey Cartwright, appeals as of right from the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. He seeks relief from his Class C felony conviction for possession of less than one-half gram of cocaine with intent to sell and resulting sentence of ten years in confinement. He contends that the post-conviction court erred in summarily dismissing his petition without appointing counsel, that he received the ineffective assistance of counsel, and that the trial court erred in sentencing. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and JOE G. RILEY, SP. J., joined.

Corey D. Cartwright, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the petitioner's conviction for selling cocaine to an undercover informant participating in a sting operation. On November 6, 2001, officers of the Nashville Police Department's Metro Vice Squad set up a sting operation at Shoney's Inn on Demonbreum Street. It consisted of an undercover informant calling known drug dealers and asking to buy drugs. When the drug dealers arrived at the hotel, went to the informant's room and sold her drugs, members of the Metro Vice Squad would immediately arrest them. In order to obtain evidence for the prosecution, the officers placed surveillance equipment in the room to record the drug sales.

The petitioner was charged with the sale of more than one-half gram of cocaine, a Class B felony, but pursuant to a plea agreement with the state, he pled guilty to possession with intent to sell

less than one-half gram of cocaine, a Class C felony, and received a sentence of ten years in confinement as a Range II, multiple offender. The petitioner filed a petition for post-conviction relief alleging that he received the ineffective assistance of counsel, that the trial court erred in summarily dismissing his petition without appointing him counsel, and that the trial court erred in sentencing.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL/"COLORABLE CLAIM"

Regarding the ineffective assistance of counsel, the petition alleges that one of the officers at the scene "field tested" the drugs. It alleges there were color and weight discrepancies between the cocaine which was "field tested" and the cocaine which was retained by the police department as evidence. The petition claims that the petitioner's attorney failed to investigate these discrepancies further or file any pretrial motions in an effort to exclude this evidence. The petition also alleges that the petitioner's attorney's performance was deficient because the attorney failed to attempt to exclude certain statements made by the petitioner as a violation of his Fifth Amendment right against self-incrimination. While the section of the petition concerning the alleged Fifth Amendment violation does contain a statement that the "petitioner's guilty plea [was] unintelligently submitted," the petition does not allege or otherwise indicate that the petitioner would have gone to trial but for his attorney's deficient performance.

On September 19, 2002, the trial court summarily dismissed the petition for post-conviction relief without appointing the petitioner counsel pursuant to Tennessee's Post-Conviction Procedure Act. See T.C.A. § 40-30-106. On appeal, the petitioner contends the trial court erred. The state contends that the petition was facially deficient and that the trial court properly dismissed it.

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is reviewed as a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, our review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See T.C.A. § 40-30-106(d). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. T.C.A. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997); see also Pewitt v. State, 1 S.W.3d 674, 674 (Tenn. Crim. App. 1999) (holding that a petition alleging "no particulars" of ineffective assistance of counsel did not state a "colorable claim"); but cf. Arnold v. State, __ S.W.3d __, No. E2003-00691-SC-R11-PC (Tenn. Aug. 31, 2004) (holding that a petition stated a "colorable claim" when it alleged that an

attorney's failure to move for a change of venue in a case involving intense media publicity resulted in prejudice to the petitioner).

In order to assert a "colorable claim" in the context of the ineffective assistance of counsel, a petitioner must satisfy the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  In Strickland, the Court determined that the ineffective assistance of counsel claim that would merit relief from a conviction or sentence has two components: (1) that counsel's performance was professionally deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or that the proceedings were fundamentally unfair.  Id. at 687, 104 S. Ct. at 2064.  A petition that fails to demonstrate either of these prongs necessarily fails.  Id. at 700, 104 S. Ct. at 2071.

In assessing the right to vacate a conviction based upon the ineffective assistance of counsel relative to guilty pleas, a petitioner must show (1) that the representation during the plea process or the advice given was deficient and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 370 (1985).  Of singular importance to this case, the Supreme Court in Hill held that the dismissal of the habeas corpus petition without a hearing was proper because the petition failed to allege the kind of prejudice necessary to satisfy the second prong.

Taking the allegations in the petition as true and in the most favorable light, we hold that the petitioner has failed to state a "colorable claim" that would entitle him to the appointment of counsel under the Post-Conviction Procedure Act.  See T.C.A. § 40-30-206(f); Tenn. Sup. Ct. R. 28, § 2(H). The petition alleges that the cocaine which the undercover informant gave to the officer was different in weight and color from the cocaine which the police department held as evidence to be used against the petitioner and that the attorney's performance was deficient because he failed to attempt to exclude the evidence through pretrial motions.  However, the petition does not allege that, but for this error, the petitioner would have proceeded to trial.  The petitioner has failed to allege the necessary prejudice under Hill, and the trial court was correct in summarily dismissing the petition. See Hill, 474 U.S. at 56, 106 S. Ct. at 370.

## II.  EXCESSIVE SENTENCE

The petitioner next claims that his sentence is illegal.  Although the petition for post-conviction relief does not contain any allegations concerning improper sentencing, the petitioner's brief on appeal claims that the state did not comply with the notice requirement regarding the use of enhancement factors, see T.C.A. § 40-35-202, that he received the ineffective assistance of counsel because his attorney did not contest his Range II, multiple offender status based upon the state's failure to file the proper notice, and that his sentence should be modified without the withdrawal of his guilty plea.  The state contends that the petitioner has waived these issues for failure to raise them on direct appeal and in the petition for post-conviction relief.  We agree with the state.

The Post-Conviction Procedure Act states, "A ground for relief is waived if the petitioner . . . failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." T.C.A. § 40-30-106(g). It also states that appeals from the dismissal of a petition for post-conviction relief are to be governed by the rules of appellate procedure. Id. at § 40-30-116. The advisory commission comments to Rule 36(a), T.R.A.P., state that it is an "accepted principle that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error."

The record reflects that the petitioner failed to challenge the legality of his sentence on direct appeal and that the petition for post-conviction relief is devoid of any allegation of improper sentencing. We hold the petitioner has waived this issue for failure to properly prosecute his sentencing claims. Based on the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
JOSEPH M. TIPTON, JUDGE