IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 15, 2009

**PHEDREK T. DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2992    Seth Norman, Judge**

_____

**No. M2009-01616-CCA-R3-PC - Filed May 14, 2010**

_____

The Petitioner, Phedreck T. Davis, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief challenging his convictions for first degree murder, attempted second degree murder, and assault, for which he received an effective sentence of life imprisonment plus fifteen years. See State v. Phedrek T. Davis, No. M2006-00198-CCA-R3-CD, Davidson County, slip op. (Tenn. Crim. App. July 19, 2007), aff'd, 266 S.W.3d 896 (Tenn. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 2790 (2009). He claims that newly discovered evidence proves that the State solicited damaging perjury during his initial trial, thereby violating his constitutional rights. The trial court dismissed his claim as having been previously determined. See T.C.A. § 40-30-106(f). We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Phedrek T. Davis, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Dan Ham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner centers his claim that the State solicited perjured testimony around the testimony of Eula Beasley. At the trial, Mr. Beasley testified to seeing the Petitioner threaten and strike the victim shortly before the victim's murder. However, Mr. Beasley did not

testify that the Petitioner threatened to kill the victim until the State refreshed Mr. Beasley's recollection with his statement to the police. When asked about the statement, Mr. Beasley testified that he had initialed the statement after confirming its accuracy. Notably, the police officer who recorded the statement, Detective E.J. Bernard, faced public allegations of forging police reports at the time of the trial. Phedrek T. Davis, No. M2006-00198-CCA-R3-CD, slip op. at 15-17.

The Petitioner alleged in his petition that Mr. Beasley committed perjury by testifying that he initialed his statement to the police. The Petitioner claims that Detective Bernard, instead, was the true author of the "EB" (Eula Beasley) on the police report. To support his claim, the Petitioner attached a recent report from a handwriting expert. The report states that Detective Bernard more likely than not authored Eula Beasley's initials on the police report.

The Petitioner argues that the handwriting expert's report justifies collateral relief under the Post-Conviction Procedure Act. According to the Petitioner, the report supports his claim that the State solicited perjury from a key witness, thereby violating his constitutional rights. The trial court summarily denied the petition on the grounds that the issue of Mr. Beasley's possible perjury regarding the police report had been previously determined. The Petitioner now appeals the trial court's decision. He requests the appointment of counsel and an evidentiary hearing regarding Mr. Beasley's alleged perjury. In the alternative, the Petitioner claims that the trial court erred by not affording him an opportunity to amend his petition with the assistance of counsel.

The Post-Conviction Procedure Act grants the trial court authority to dismiss a petition for post-conviction relief if the grounds for relief were "previously determined" in prior judicial proceedings. T.C.A. § 40-30-106(f) (2009). The Petitioner contends that because the expert handwriting evidence had never been introduced at the trial to impeach Mr. Beasley, the trial court could not have found the issue of Mr. Beasley's perjury to be previously determined.

The Petitioner misconstrues when a claim is previously determined. New factual allegations alone cannot overcome the previous determination of a claim. See Cone v. State, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995); Mohamed F. Ali v. State, No. E2001-00183-CCA-R3-PC, Washington County, slip. op. (Tenn. Crim. App. Apr. 11, 2003). To allow for a wider conception of a previously determined claim would violate a fundamental rule of post-conviction proceedings: relitigating decided legal questions. Ray v. State, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1971).

In contrast to the Petitioner's idea of when a claim is previously determined, the Act contemplates a broader view. Under the Act, a ground for relief is previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h) (2006). The Act defines a "full and fair hearing" as having occurred "where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Id. The supreme court has further defined a "full and fair hearing" as a meaningful opportunity for the defendant to present evidence and argument about his constitutional claims before a judge. House v. State, 911 S.W.2d 705, 711 (1995). However, due process concerns may overcome the rule of previous determination if improper state conduct caused the petitioner's failure to discover new information. See Sample v. State, 82 S.W.3d 267, 273, 275 (Tenn. 2002); Wright v. State, 987 S.W.2d 26, 30 (Tenn. 1999). Upon review, we conclude that the Petitioner's claim that the State violated the Petitioner's constitutional rights by soliciting perjury has been previously determined and that he has not alleged facts which if proven would establish a due process bar to the previous determination rule.

During his trial and appeal, the Petitioner had meaningful opportunities to introduce evidence of Detective Bernard's forgery of Mr. Beasley's initials, and he took advantage of these opportunities on several other occasions. At the trial, the Petitioner sought to introduce evidence of the allegations that Detective Bernard forged police reports. The trial court excluded the evidence because it was irrelevant. On appeal, the Petitioner challenged the trial court's refusal to admit the evidence, but this court affirmed the trial court's decision. Phedrek T. Davis, slip op. at 16-17. As the record shows, the Petitioner's lack of success in impeaching Mr. Beasley was due to a lawful exercise of courtroom discretion. This does not give the Petitioner grounds for post-conviction relief.

Although the Petitioner had previous opportunities to impeach Mr. Beasley, the Petitioner contends that the newly obtained handwriting evidence proves that these opportunities were not sufficiently meaningful. See House, 911 S.W.2d at 711. He accuses the State of denying him the opportunity of admitting the handwriting evidence. In this case, however, the Petitioner's failure to present expert handwriting testimony was not due to State conduct.

The Petitioner asserts that the State did not give him adequate time to review Mr. Beasley's police statement for signs of forgery, thereby making it impossible for him to determine the need for a handwriting expert. The State, however, acted properly when it provided the statement after Mr. Beasley's testimony. See Tenn. R. Crim. P. 26.2(a). The Petitioner also had notice of the allegations against Detective Bernard before trial and was prepared to offer evidence that Detective Bernard had forged the police statement. Despite this knowledge, he failed to ask the trial court for additional time to review the police report

in order to assess the need for a handwriting expert. Under these circumstances, the Petitioner's failure to obtain a handwriting expert was not a result of improper State conduct. The Petitioner was free to offer handwriting evidence during the trial, but he failed to do so. The trial court properly denied relief.

The indigent Petitioner also argues that the trial court erred in not allowing him to amend his petition with the assistance of counsel. "Pro se petitions are to be held to less stringent standards than formal pleadings drafted by lawyers." Allen v. State, 854 S.W.2d 873, 875 (Tenn. 2003); see Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988). Both the Tennessee Supreme Court Rules and the Post-Conviction Procedure Act provide greater leeway to pro se petitions by indigent petitioners. The Rules require and the Act permits the trial court to appoint counsel to an indigent defendant to assist in amending his petition. T.C.A. § 40-30-106(f); Tenn. Sup. Ct. R. 28, § 6(B)(3)(a). However, the trial court must only appoint counsel if the Petitioner presents a colorable claim in his or her petition. Tenn. Sup. Ct. R. 28, § 6(B)(4)(a).

A colorable claim is a claim that "if taken as true, in the light most favorable to Petitioner, would entitle Petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. Rule 28, § 2(H). Courts have often granted leeway to colorable claims advanced by indigent petitioners. See, e.g., Arnold v. State, 143 S.W.3d 784 (Tenn. 2004) (petitioner presented a colorable claim even though he failed offer detailed facts supporting his ineffective assistance of counsel claim); Homer T. Rivers v. State, No. W2006-01607-CCA-R3-PC, Hardeman County, slip op. (Tenn. Crim. App. June 1, 2007) (petitioner presented a colorable claim even though the underlying facts of the petition were ambiguous); Donna G. Sexton v. State, No. E1999-02226-CCA-R3-PC, Carter County, slip op. (Tenn. Crim. App. July 31, 2000) (petitioner presented a colorable claim even though she failed to state the specific mental condition that made it impossible for her to understand her plea bargain). However, if the claim, taken as true, does not constitute a colorable claim, the appointment of counsel is not necessary. Pewitt v. State, 1 S.W.3d 674, 674 (Tenn. Crim. App. 1999) (holding that a petition alleging no particulars of ineffective assistance of counsel did not state a colorable claim); Earl Crawford, Jr. v. State, No. 03C01-9610-CR-00385, Bradley County, slip op. (Tenn. Crim. App. July 29, 1997) (dismissal of the petition was proper because the facts alleged did not suggest an abridgment of any constitutional right).

The Petitioner failed to make a colorable claim that the State violated his constitutional rights by soliciting perjury. Unlike the petitioners in the many cases requiring the appointment of counsel, this Petitioner presented a detailed analysis in support of his claim that the State solicited perjury. In his lengthy petition, the Petitioner included excerpts from the trial, newspaper articles concerning Detective Bernard, and samples of Detective Bernard's handwriting. No matter how the Court views these facts, the Petitioner has already

had a full and fair hearing on Mr. Beasley's alleged perjury. The issue advanced in the petition that the State solicited perjury was previously determined. It is therefore the merits of the petition, not the form, that permit its summary dismissal. <u>See</u> <u>Blair v. State</u>, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997). The trial court was not obligated to appoint counsel to amend the petition on the Petitioner's asserted grounds for relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE