IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2007

## ANTONIUS C. DOUGLAS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 06-01-0168     J. Weber McCraw, Judge**

---

**No. W2006-01750-CCA-R3-PC   -   Filed March 9, 2007**

---

The petitioner, Antonius C. Douglas, filed a post-conviction appeal following a guilty plea and conviction in Hardeman County Circuit Court. The trial court dismissed the petition, stating that the petition did not state a colorable claim. We conclude that the petition did state a colorable claim and therefore reverse the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Antonius C. Douglas, Clifton, Tennessee, pro se, petitioner.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; D. Michael Dunavant, District Attorney General; Joe L. VanDyke, Assistant District Attorney General, for the respondent, State of Tennessee.

## OPINION

The petitioner, Antonius C. Douglas, entered a guilty plea in Hardeman County Circuit Court on one count of delivery of 0.5 gram or more of cocaine. He was sentenced as a Range I, standard offender to eight years in prison. On July 3, 2006, the petitioner filed a petition for post-conviction relief in the trial court, alleging the following constitutional violations: (1) that he received ineffective assistance of counsel at the guilty plea hearing, (2) that his due process rights were violated, and (3) that his guilty plea was obtained by coercion, manipulation, and erroneous information. The trial court dismissed the petition without a hearing, stating that the petition did not state facts sufficient to support a colorable claim.

In filing his post-conviction petition in the trial court, the petitioner incorporated by reference a sworn "Memorandum of Law in Support of Petitioner's Petition for Post-Conviction Relief."[1] In the memorandum, he alleged that on May 1, 2006, he entered into a plea agreement, and that his trial attorney advised him that he would receive an effective sentence of three years as a Range I, standard offender. According to the petitioner, the trial court set a May 18, 2006, date for the sentencing hearing. However, the petitioner claims that on May 16, he was "unexpectedly" called into court and sentenced to eight years in prison as a Range I, standard offender, and not three years, as he had been promised. Following the hearing, when the petitioner expressed concern over his sentence, the attorney advised him not to worry about the eight-year sentence and that everything would be "taken care of."

The petitioner, in his affidavit, also alleged ineffective assistance of counsel in the proceedings leading up to his plea agreement. The petitioner also alleges that the indictment handed down by a Hardeman County grand jury in January 2006 "was invalid, and improperly endorsed as a being a True Bill." He alleges that the record of the grand jury term indicates "that there exist no grand jury minutes, indicating that a whole Grand Jury had been adjourned to hear evidence against the Petitioner," and that "there exist[s] no form of affidavit of complaint warranting probable cause." In light of these allegations, the petitioner claims the indictment was "unconstitutional and void" and that his trial attorney should have inspected the grand jury proceedings and, in light of their supposed invalidity, filed a motion to dismiss the indictment.

On July 31, 2006, the trial court dismissed the petition without a hearing. The trial court's order stated that "the Petition for Post-Conviction Relief does not contain sufficient clear and specific statements including a full disclosure of facts to establish a factual basis for the grounds alleged and for which relief is sought, and therefore, the petition is not well taken."

On appeal, both the state and the petitioner agree that the petitioner alleged in his petition factual allegations giving rise to a colorable claim.

ANALYSIS

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, an appellate court's review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See Tenn. Code Ann. § 40-30-106(d) (2006). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief

---

[1]Specifically, the petition states "As grounds in support thereof, the Petitioner would rely upon the contemporaneously filed Memorandum of Law In Support Thereof."

under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. Tenn. Code Ann. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997); see also Pewitt v. State, 1 S.W.3d 674, 674 (Tenn. Crim. App. 1999) (holding that a petition alleging "no particulars" of ineffective assistance of counsel did not state a "colorable claim"); but cf. Arnold v. State, 143 S.W.3d 784, 787 (Tenn. 2004) (holding that a petition stated a "colorable claim" when it alleged that an attorney's failure to move for a change of venue in a case involving intense media publicity resulted in prejudice to the petitioner).

If the petition does state a colorable claim, the court shall enter a preliminary order. See Tenn. Code Ann. § 40-30-107(a). The order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. Id. § 40-30-107(b)(1). The order shall also direct the petitioner or the petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. Id. § 40-30-107(b)(2).

Taking the allegations in the petition as true and in the light most favorable to the petitioner, we hold that the petitioner stated a "colorable claim" that would entitle him to an evidentiary hearing as provided for under the Post-Conviction Procedure Act. The petition for post-conviction relief and its supporting memorandum, if taken as true, clearly allege that the petitioner received deficient advice and representation from counsel from the time of indictment through the guilty verdict, and that but for the attorney's errors, the petitioner would not have pleaded guilty. In light of these allegations, the trial court should have issued a preliminary order as provided under the Post-Conviction Relief Act, which would have entitled the petitioner to appointed counsel and the opportunity to revise his petition for post-conviction relief.

<u>CONCLUSION</u>

The petitioner's petition for post-conviction relief, which incorporated by reference a sworn affidavit containing detailed facts supporting the petitioner's allegations of ineffective assistance of counsel, contained sufficient facts giving rise to a colorable claim, as required by the Post-Conviction Relief Act and the rules of our supreme court. Therefore, the judgment of the trial court is reversed and this case is remanded to the trial court for proceedings consistent with this opinion and with the Post-Conviction Procedure Act.

_____
_____  D. KELLY THOMAS, JR., JUDGE

-3-