IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 1, 2024 Session

**CARLOS KEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 13-04715, 14-00025   Carlyn L. Addison, Judge**

_____

**No. W2023-01037-CCA-R3-PC**

_____

The Petitioner, Carlos Key, appeals the Shelby County Criminal Court's dismissal of his post-conviction petition, seeking relief from his convictions of first degree premeditated murder and two counts of attempted first degree premeditated murder and resulting effective sentence of life plus fifty years. On appeal, the Petitioner contends that the post-conviction court erred by summarily dismissing his petition. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JILL BARTEE AYERS, JJ., joined.

Terrell Tooten (on appeal and at hearing), Alex Jones (at hearing only), and Josie Holland, Memphis, Tennessee, for the appellant, Carlos Key.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd and Regina Lucreziano, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case relates to two shootings that occurred in retaliation for a burglary. Joseph Taylor, Stanley Hibbler, Cortaze Tisdel, and Randy Godwin burglarized the home of "Money Machine D," who was Mr. Taylor's cousin, and took about $100,000 in cash and eighty pounds of marijuana. *State v. Otis*, No. W2016-01261-CCA-R3-CD, 2018 WL 931131, at *1 (Tenn. Crim. App. Feb. 15, 2018), *perm. app. denied*, (Tenn. June 8, 2018).

After the burglary, Mr. Godwin and Mr. Tisdel made "extravagant purchases," which alerted Money Machine D that they were responsible for the thefts. *Id*. Money Machine D then hired the Petitioner, Deredious Otis, and Brashard Gibbs to kill them. *Id*. On August 28, 2013, the Petitioner drove Otis and Gibbs by a carwash, and the two men "sprayed the carwash with bullets." *Id*. A man who was not involved in the burglary was killed, another man who was not involved in the burglary was wounded, and Mr. Tisdel was shot in the buttocks. *Id*. Mr. Godwin and Mr. Hibbler were present but were not injured. *Id*. Less than one month later, Mr. Godwin was driving on Interstate 240 with his female cousin and her boyfriend when a Dodge Dart driven by the Petitioner pulled in behind them. *Id*. Otis and Gibbs leaned out of the Dodge and opened fire, "riddling" Mr. Godwin's car with bullet holes. *Id*.

The Petitioner, Otis, and Gibbs were tried jointly for crimes related to both shootings. *See id*. A Shelby County Criminal Court Jury convicted the Petitioner and Otis of one count of first degree premeditated murder and two counts of attempted first degree murder and convicted Gibbs of one count of first degree premeditated murder, five counts of attempted first degree murder, and three counts of employing a firearm during the commission of a dangerous felony. *Id*. The trial court sentenced the Petitioner and Otis to life for their convictions of first degree murder and twenty-five years for each conviction of attempted first degree murder and ordered that they serve the sentences consecutively. *Id*. The trial court sentenced Gibbs to life for his conviction of first degree murder, twenty-five years for each conviction of attempted first degree murder, and six years for each conviction of employing a firearm during the commission of a dangerous felony and ordered that he serve all of the sentences consecutively. *Id*.

On direct appeal of their convictions to this court, the defendants claimed that the evidence was insufficient to support the convictions and that the trial court erred by consolidating the indictment related to the shooting at the carwash with the indictment related to the shooting on the interstate. *Id*. Otis and Gibbs also claimed that the trial court erred in sentencing. *Id*. This court affirmed the judgments of the trial court. *Id*. at *8.

On January 3, 2019, the Petitioner filed a timely pro se petition for post-conviction relief using the form petition provided in Appendix A of Tennessee Supreme Court Rule 28. The form petition listed twelve possible grounds for relief, and the Petitioner marked five of them: (1) that his conviction was based on evidence obtained pursuant to an unlawful arrest; (2) that his conviction was based on the unconstitutional failure of the prosecution to disclose favorable evidence to him; (3) that he was denied the effective assistance of counsel; (4) that newly discovered evidence existed; and (5) that there were "other grounds" for relief. The Petitioner attached a "Memorandum of Law" to his petition also alleging as follows: that he was denied his constitutional right to a fair trial because the trial court refused to allow a change of venue due to publicity in his case and that trial

counsel refused to ask for a change of venue as requested by the Petitioner; that his convictions and sentences were void because the indictments failed to allege an offense for murder; that the jury instructions were unconstitutional because they did not include the theory of diminished capacity and criminal responsibility; that the trial court failed to fulfill its duty as the thirteenth juror; that trial counsel was ineffective for failing to investigate the facts of the case, for failing to subpoena witnesses, for failing to prepare for trial adequately, and for failing to use information available at the time of trial; and that the Petitioner was actually innocent of the crimes.[1]

On February 25, 2019, the post-conviction court appointed Josie Holland to represent the Petitioner. That same day, the State filed a response in which the State acknowledged that the petition "meets the threshold requirement of Tenn. Code Ann. § 40-30-106" and that "the nature of the allegations do require an evidentiary hearing." On February 28, 2020, more than one year after the Petitioner filed his pro se petition, the post-conviction court allowed Ms. Holland to withdraw and appointed Terrell Tooten to represent the Petitioner.

The post-conviction court held a hearing on May 19, 2023. Alex Jones, an associate of Mr. Tooten, appeared at the hearing in Mr. Tooten's place. At the outset of the hearing, Mr. Jones requested to reset the hearing because trial counsel was unavailable and because the State and the Petitioner "still have to . . . exchange a transcript." The State agreed with the Petitioner's request to reset the hearing and advised the post-conviction court that it was "waiting to get in touch" with trial counsel. The post-conviction court interrupted the State and stated as follows:

> [The Petitioner] mailed his petition for post[-]conviction on December 18, 2018. It was filed with the Clerk's Office on January 3, 2019. The State's response was 2/7/2019. The response to the petition was signed by the County Court Clerk -- Criminal Court County Clerk 2/25/19. On 2/28/2020, Mr. Tooten took the case over from Ms. Holland. Today is May 19, 2023. Since that time an amended petition has not been filed. I am dismissing this post[-]conviction for failure to prosecute. It has been reset 31 times and an amended petition has not been filed.
>
>     . . . .
>
>     . . . Having reviewed the lone petition that [the Petitioner] himself filed pro se 12/18/2018, I do not see a colorable claim. I see no specific

---

[1] On appeal, the Petitioner does not mention his claim of actual innocence. *See* Tenn. R. App. P. 36(a).

- 3 -

factual allegations. It's very broad. Failure to provide a factual basis for a petitioner's claim have to be raised in the pleading and can be dismissed on its face. He has had over three years to file an amended petition and has not done so. The judge may dismiss the petition for lack of the required specificity.

. . . .

. . . I've been pouring over this . . . matter since I got on the bench, please believe me. I've gone through his appeal. I've gone through his transcripts. I have not let go of this file in weeks. The Clerk's Office has been looking for this file and we laugh about it because I won't give it back.

I poured over this. I poured over the law. Once counsel was appointed he had 30 days to file an amended petition. You get an additional 15 with leave of the Court if the Trial Court grants that.

We have 31 continuances. I'm happy to go through them all with you. Only two were the result of the COVID-19 situation: April 21, 2020, June 3, 2020. One was when the judge was not available, my predecessor, November 15, 2021. On January 27, 2023, that was my first contact with it, having been elected September 1st.

So January 27, 2023, a transport order was sent. We reset it from February, March, and here we are. We're set to have a hearing today. A transport order was not issued, an amended petition has not been filed. We've had three years and three months and nothing has been done.

. . . .

You'll get a written order and it's going to list every single date. It's going to list every single issue raised and how I not only don't see a colorable claim, but counsel did not amend the petition as required by statute.

. . . .

. . . There is a time certain which I have to draft an order under the rules and I'm not going to break a rule. But my goal will be absolutely to get it to you before conference. But I'm in trial the week of June 5th. I'll just continue to work on [the case] like I have been. And it's -- quite frankly, looks like I'm the only one. Have a great rest of your day.

- 4 -

In the post-conviction court's written order dismissing the petition, the post-conviction court found that "[m]andatory obligations of appointed counsel were not met" in that post-conviction counsel did not file an amended petition for post-conviction relief and did not provide written notice that an amended petition would not be filed. The post-conviction court then stated in the order:

> Here, the limited information contained in [the Petitioner's] Pro Se petition lacks specificity relating the grounds he has alleged. Simply put, the Pro Se petition in the instant matter fails to state a colorable claim upon which relief should be granted. The attached "Memorandum of Law" also fails to identify particulars relating to the grounds alleged. *Pewitt v. State*, 1 S.W.3d 674 (Tenn. Crim. App. 1999). Counsel for Petitioner failed to amend the pleading which could have, conceivably, allowed the court to determine whether [the Petitioner] is entitled to relief.
>
> **IT IS THEREFORE ORDERED, ADJUDICATED, AND DECREED** that the petitioner's Petition for Post-Conviction relief is hereby **DISMISSED**, without the necessity of conducting an evidentiary hearing.

The court attached to its order a list of the thirty-one dates the case had been reset.[2]

## ANALYSIS

The Petitioner claims that the post-conviction court erred by dismissing his petition without an evidentiary hearing. The Petitioner acknowledges that a post-conviction court may summarily dismiss a post-conviction petition if the court finds that the petition fails to state a colorable claim but contends that summary dismissal was improper in this case because the post-conviction court reviewed his pro se petition and appointed counsel "based on the Petition and allegations being sufficient." In support of his contention that the allegations in his petition were sufficient to warrant a hearing, the Petitioner asserts that his pro se petition was "extremely thorough and detailed" so that appointed counsel "elected" not to amend the petition; that the State also concluded a hearing was required; and that the post-conviction court never entered a scheduling order or an order requiring that the petition be amended. The Petitioner also asserts that, in the event of a remand, the post-conviction court's sudden, unwarranted dismissal of the petition and inappropriate comments during the hearing warrant recusal. The State argues that the post-conviction court properly dismissed the petition. We agree with the State.

---

[2] The list confirms that the case was reset twice in 2020 due to Covid-19 and one time in November 2021 because the judge was "out." The reasons for the remaining resets are not provided.

- 5 -

The Post-Conviction Procedure Act provides that a petition for relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Tenn. Code Ann. § 40-30-106(d); *see* Tenn. Sup. Ct. R. 28, § 5(E)(4) (providing that a petition shall contain "specific facts supporting each claim for relief"). Moreover, allegations of fact in support of any ground for relief must include "a description of how [the] petitioner was prejudiced by the error(s)." Tenn. Sup. Ct. R. 28, § 5(E)(3). The post-conviction court shall immediately dismiss the petition if it fails to state a factual basis for the grounds alleged. Tenn. Code Ann. § 40-30-106(d).

In *Burnett v. State*, 92 S.W.3d 403, 406-07 (Tenn. 2002), our supreme court explained the procedure for the post-conviction court's review of a petition pursuant to the Act. First, the post-conviction court must determine whether the petition states a colorable claim. *Burnett*, 92 S.W.3d at 406. A colorable claim is defined as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). Pro se petitions are to be held to "'less stringent standards'" than petitions drafted by attorneys. *Gable v. State*, 836 S.W.2d 558, 559 (Tenn. 1992) (quoting *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988)). "When making a colorable claim determination, the post-conviction court should look only to the factual allegations in the petition." *Lynch v. State*, No. M2014-01831-CCA-R3-PC, 2015 WL 2399725, at *3 (Tenn. Crim. App. May 19, 2015). If a pro se petition states a colorable claim, "dismissal without appointment of counsel to draft a competent petition is rarely proper." *Swanson*, 749 S.W.2d at 734 (citing *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Id*. (citing Tenn. Code Ann. §§ 40-30-104, -107, -115).

When the post-conviction court does not dismiss the petition, the post-conviction court must enter a preliminary order in which the court (1) appoints counsel to an indigent petitioner who requests counsel and (2) directs the petitioner or counsel for the petitioner to file an amended petition, or written notice that no amended petition will be filed, within thirty days of the order. *Burnett*, 92 S.W.3d at 407; *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *see* Tenn. Sup. Ct. R. 28, § 6(B)(3)(a), (b). Finally, the post-conviction court reviews the entire record, which includes "the petition, the State's response, and any other files and records before it." *Burnett*, 92 S.W.3d at 407. If the post-conviction court

- 6 -

determines that the petitioner is not entitled to relief, the court must dismiss the petition. *Id*. (citing Tenn. Code Ann. § 40-30-109(a)).[3]

> [T]he Post-Conviction Procedure Act clearly affords the trial court the authority to dismiss a petition without holding an evidentiary hearing, notwithstanding the fact that the petition may have survived earlier dismissal. . . . Therefore, once a petitioner is afforded the benefit of counsel, the trial court may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing.

*Id*. A post-conviction court's decision to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. *Id*. at 406.

Here, the post-conviction court did not immediately dismiss the petition and appointed counsel to represent the Petitioner. In *Burnett*, our supreme court stated that, by refusing to dismiss the petitioner's petition at this stage of the proceeding, the post-conviction court "apparently concluded that the petition stated a colorable claim." *Id*. However, the post-conviction court's appointment of counsel was not dispositive that an evidentiary hearing was warranted.

After the post-conviction court appointed counsel, the Petitioner had thirty days in which to file an amended petition or notice that no amendment would be filed. *See* Tenn. Code Ann. § 40-30-107(b)(2). As noted by the Petitioner, the post-conviction court's order appointing counsel did not direct him to file an amended petition. Nevertheless, Tennessee Supreme Court Rule 28 provides that appointed counsel is required to review the petition and file an amended petition if necessary. Tenn. Sup. Ct. R. 28, § 6(C)(2). In the Petitioner's brief, and at oral arguments, the Petitioner asserted that the allegations in the petition were sufficient to state a colorable claim so that counsel chose not to amend the petition. Therefore, we turn to the petition itself.

Initially, most of the Petitioner's claims in the petition are waived. The Petitioner marked on his form petition that his convictions were based on evidence obtained pursuant to an unlawful arrest, that his convictions were based on the unconstitutional failure of the prosecution to disclose favorable evidence to him, that he was denied his constitutional right to a fair trial because the trial court refused to allow a change of venue, that his convictions and sentences were void because the indictments failed to allege an offense for murder, that the jury instructions were unconstitutional, and that the trial court failed to fulfill its duty as the 13th juror. However, the Petitioner did not raise those issues at trial

---

[3] At the time *Pewitt* was decided, this statute was codified at Tennessee Code Annotated section 40-30-209(a) (1997).

or on direct appeal of his convictions. *See* Tenn. Code Ann. § 40-30-106(g) (providing that, absent certain exceptions, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented").

As to the Petitioner's ineffective assistance of counsel claim, a petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Petitioner's Memorandum of Law states that trial counsel failed to conduct an adequate pretrial investigation, failed to prepare for trial adequately, failed to use information available at the time of trial, failed to investigate the facts of the case, failed to subpoena witnesses, and failed to request a change of venue due to publicity in his case. Those are bare allegations without a factual basis for either deficient performance under the first prong or prejudice under the second prong of *Strickland*. *Pewitt*, 1 S.W.3d at 676 (stating that "bare allegations that counsel failed to interview witnesses, failed to discover evidence not disclosed by the prosecution and failed to make proper objections during the trial carry neither a hint of deficient performance by counsel nor a glint of those actions prejudicing the petitioner at his trial"). Given that the Petitioner had the benefit of counsel and a reasonable opportunity to amend his pro se petition, the post-conviction court could reassess the petition and dismiss it without a hearing. *See* Tenn. Code Ann. § 40-30-109(a); *Gable*, 836 S.W.2d at 560 (determining that the trial court did not err by summarily dismissing petition when petitioner was appointed counsel, had reasonable opportunity to amend petition, and did not file amended petition).

The post-conviction court stated that it had reviewed the record, including the Petitioner's trial transcripts, and that it had concluded the Petitioner was not entitled to relief. Based upon our de novo review, we cannot say that the post-conviction court erred by summarily dismissing the petition.

Finally, although the Petitioner claims that, upon remand, we should order the post-conviction court to recuse itself, the Petitioner did not file a recusal motion in the post-conviction court. *See* Tenn. Sup. Ct. R. 10B, § 1.01 (providing that any party seeking recusal of a judge "shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal"). In any event, there will be no remand, so the Petitioner's recusal issue is moot.

## CONCLUSION

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
JOHN W. CAMPBELL, SR., JUDGE