# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TRAVIS A. BLEDSOE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-00559  John P. Colton, Judge**

---

### No. W2009-01486-CCA-R3-PC  - Filed May 18, 2010

---

The petitioner, Travis A. Bledsoe, appeals the trial court's denial of his petition for post-conviction relief. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the state's motion is meritorious. Accordingly, we grant the state's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Travis Bledsoe, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and J. Ross Dyer and Stephanie Zander Johnson, Assistant Attorneys General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 28, 2009, the petitioner, Travis A. Bledsoe, entered a guilty plea to second degree murder, a Class A felony. As part of the negotiated plea agreement, the court sentenced the petitioner as a Range II, multiple offender, to a thirty-five-year sentence in the Tennessee Department of Correction.

On May 5, 2009, the petitioner filed a petition for post-conviction relief alleging that his sentence was illegal, and on June 5, 2009, the state filed a motion to dismiss the petition. That same day, the trial court summarily dismissed the petition finding that the judgment sheet was facially valid and that the petitioner's sentence was within the range of sentencing

for a multiple offender sentenced for a Class A felony. The petitioner timely appealed the denial of post-conviction relief.

On appeal, the petitioner argues that "the trial court abused its discretion in accepting [his] guilty plea." Specifically, he claims that his guilty plea was "unlawfully induced," trial counsel's ineffectiveness caused his plea to be unknowing and involuntary, and pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004), the trial court erred in sentencing him. The petitioner also claims that his sentence is illegal because under the Tennessee statute, second degree murder carries a sentence of ten to twenty-five years.

The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As the basis for its motion, the state asserts that "[t]he petitioner's sentence is within the overall punishment range for the offense of which he was convicted," and thus, the petitioner is not entitled to relief.

Post-conviction relief is granted when a petitioner's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Tennessee or United States Constitution. *See* Tenn. Code Ann. § 40-30-103. Looking to the Tennessee Supreme Court Rules, we note that once a petition is filed, a judge shall review the petition and determine whether the petition states a colorable claim. Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is "a claim in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). If the reviewing court determines that the facts of the petition fail to establish a "colorable claim," it may dismiss the petition. *See* Tenn. Code Ann. § 40-30-106(f). Furthermore, the court may dismiss a petition that does not state a colorable claim without appointing counsel or holding an evidentiary hearing. *See Blair v. State*, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997). Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is a question of law. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Our review of the trial court's dismissal of the petition is *de novo*. *See id.*; *see also Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

Initially, we note that the petitioner raises the issues of the validity of his guilty plea, the ineffectiveness of trial counsel, and his *Blakely* claim for the first time on appeal. Generally, an appellate court will not allow a party to raise an issue for the first time on appeal because such action denies the adversary opportunity to rebut the issue with evidence and argument. *See Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); *State v. Adkisson*, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("[A] party will not be permitted to assert an

issue for the first time in the appellate court."); *see also* Tenn. Code Ann. § 40-30-110(f) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."). Furthermore, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). The petitioner failed to present these claims before the post-conviction court, which is a court of competent jurisdiction. Accordingly, the petitioner has waived these issues.

The remaining issue to address is whether the petitioner's sentence is illegal. Second degree murder, a Class A felony, carries a maximum sentence of not less than fifteen years nor more than sixty years depending on which sentence range an offender qualifies. *See* Tenn. Code. Ann. §§ 39-13-201, 40-35-112. Here, the petitioner pleaded guilty to second degree murder, and the trial court sentenced him, as a Range II multiple offender, to a thirty-five-year sentence as part of the plea agreement. Under Tennessee Code Annotated section 40-35-112(b)(1), the sentencing range for a Range II offender convicted of a Class A felony is not less than twenty-five years nor more than forty years.

The petitioner argues that second degree murder carries a maximum sentence of ten to twenty-five years. It appears the petitioner believed that he qualified for the court to sentence him as Range I offender[1]; however, the record is void of any proof that he would have classified as such. Moreover, the petitioner's negotiated plea agreement included the sentence and sentence range. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007), *see also State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987); *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). If the petitioner entered a knowing and voluntary guilty plea, then the petitioner has waived any claim of irregularity as to offender classification or release eligibility. *See Hicks v. State*, 945 S.W.2d at 709. The petitioner entered a guilty plea, and he received a sentence within the range of punishment for second degree murder. The petitioner's sentence is facially valid, and the trial court properly dismissed his petition for post-conviction relief. Accordingly, we conclude that the petitioner's claim is without merit, and he is not entitled to relief on the issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case

---

[1] A sentence of not less than ten years nor more than twenty-five years is applicable to a Range I offender convicted of second degree murder. *See* Tenn. Code Ann. § 40-35-112(a)(1).

3

satisfies the criteria of Rule 20.  We affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
J.C. McLIN, JUDGE